[No. H016744. Sixth Dist. Aug. 18, 1998.]

CITY OF SAN JOSE, Plaintiff and Respondent, v.
DEPARTMENT OF HEALTH SERVICES et al., Defendants and
Appellants.

COUNSEL

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, Stephanie Wald and Carol Slatin Doyle, Deputy Attorneys General, for Defendants and Appellants.

Joan R. Gallo, City Attorney, George Rios, Assistant City Attorney, and Glenn D. Schwarzbach, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

**PREMO, Acting P. J.**—Plaintiff City of San Jose (hereafter, City) filed this action for declaratory and injunctive relief against defendants Department of Health Services (hereafter, Department), and Department's director, S. Kimberly Belshé, seeking a declaration that no provision of state law preempted enforcement by City of its smoking ordinance at Westgate Convalescent Center (hereafter, Westgate), a long-term health care facility located in San Jose, and at all long-term health care facilities licensed by Department.

Because the dispute involved only the legal issue of preemption and no controverted material facts, City and defendants agreed to submit the controversy on the motion for summary judgment which City filed and defendants opposed. Defendants' opposition was treated as a cross-motion for summary judgment.

The trial court granted summary judgment in favor of City. Defendants moved to set aside the judgment and for a new trial; the court denied the motion.

This appeal ensued. We affirm.

## FACTS

On December 30, 1993, City adopted sections 9.44.030 and 9.44.060 of its Municipal Code.[1] Section 9.44.030 prohibits smoking in "[a]ll enclosed areas of buildings which are open to the public or which are places of employment." (Ch. 9.44, § 944.030, subd. A.) Section 9.44.060, on the other hand, requires the owner, operator, manager, or other person having control of any building subject to the smoking prohibition to conspicuously post "No Smoking" signs in the building.

In December 1994, City, in response to the Legislature's adoption of Labor Code section 6404.5, added section 9.44.055 to its Municipal Code. Section 9.44.055 provides, in relevant part, that "Subsection A. of Section 9.44.030 [shall be enforced directly] in those areas where there is no exception under this chapter corresponding to an exception to the definition of 'place of employment' as set forth in Labor Code Section 6404.5." (Ch. 9.44, § 9.44.055, subd. B.1.)

On May 8, 1995, City received a complaint that smoking was occurring in the enclosed areas of Westgate. Responding to the complaint, City officially advised Westgate that it was in violation of sections 9.44.030 (smoking in enclosed areas of buildings open to the public) and 9.44.060 (failing to conspicuously post "No Smoking" signs).

Westgate responded that it had spoken with Department's legal counsel, who advised Westgate that enforcement of City's ordinance at Westgate was preempted by Department's rules and regulations which allowed such smoking.

## CONTENTIONS

Department contends:

1. The trial court erred in granting summary judgment in favor of City because:

---

[1]Further section references are to Chapter 9.44 of Title 9 of the San Jose Municipal Code unless otherwise noted.

(a) City's smoking ordinance, as applied to long-term health facilities, is preempted by state law.

(b) City's smoking ordinance, as applied to long-term health facilities, is preempted by federal law.

(c) The use of an injunction to prevent the execution of Department's duties over the facilities which Department licenses and certifies is improper.

2. The trial court erroneously denied Department's motions for a new trial and to set aside the judgment.

## DISCUSSION

### *Standard of Review*

■ In *AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203], and again in *Barisich* v. *Lewis* (1990) 226 Cal.App.3d 12, 15-16 [275 Cal.Rptr. 331], we stated the standard of review for appeals from summary judgment, as follows: "Since a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal, applying the same three-step analysis required of the trial court. [Citations.] First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading. [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] The motion must stand self-sufficient and cannot succeed because the opposition is weak. [Citations.] A party cannot succeed without disproving even those claims on which the opponent would have the burden of proof at trial. [Citations.] [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citation.]" (179 Cal.App.3d at pp. 1064-1065.)

### *No Preemption by State Law*

■ Department first contends that City's smoking ordinance is preempted by state law. We disagree.

In relevant part, City's smoking ordinance provides: "A. No person shall smoke where smoking is prohibited by this chapter. [¶] B. It shall be

unlawful for any person who owns or controls a building or structure to permit, suffer, or allow smoking in violation of this chapter." (Ch. 9.44, § 9.44.010, subds. A, B.)

"Smoking is prohibited in the following places located within the city of San Jose except as provided in Section 9.44.040: [¶] A. Buildings: All enclosed areas of buildings which are open to the public or which are places of employment." (Ch. 9.44, § 9.44.030.)

In addition, section 9.44.060 requires the owner, operator, manager, or other person having control of any building subject to the smoking prohibition, to conspicuously post "No Smoking" signs in the building.

Defendants argue that the California Indoor Clean Air Act of 1976 (Health & Saf. Code, § 118875 et seq.; hereafter, Clean Air Act) has preempted City from regulating the smoking of tobacco because Health and Safety Code section 118910 provides: "The Legislature declares its intent not to preempt the field of regulation of the smoking of tobacco. A local governing body may ban completely the smoking of tobacco, or may regulate smoking in any manner not inconsistent with this article and Article 3 (commencing with Section 118920) or any other provision of state law." Defendants claim that City's smoking ordinance is inconsistent with the smoking rules and regulations that Department had issued.

First, we fail to see how a statute which explicitly disclaims any intent to preempt local governments from regulating the smoking of tobacco, and which even expressly authorizes such local governments to completely ban the smoking of tobacco in any manner not inconsistent with law, can be construed as preempting the same local governments from regulating the smoking of tobacco.

Second, defendants have failed to point to any specific provision of state law, including the Clean Air Act, which is inconsistent with City's smoking ordinance. The best that defendants have been able to do is attempt to show that City's smoking ordinance is inconsistent with Department's smoking rules and regulations. But Department's rules and regulations do not have the authority and force of statutory law, and must themselves yield to statutory law when in conflict therewith.

Thus, under Government Code section 11342.2: "Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless

consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute."

In *California Beer & Wine Wholesalers Assn.* v. *Department of Alcoholic Beverage Control* (1988) 201 Cal.App.3d 100, 106-107 [247 Cal.Rptr. 60], the court was just as clear: "The rulemaking authority of the Department is limited by statute. '[N]o regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.' (Gov. Code, § 11342.2.) A regulation is invalid (as 'in conflict with' a statute) if it would 'alter or amend the [governing] statutes or enlarge or restrict the agency's statutory power.' [Citations.]"

In *In re Johnny S.* (1995) 40 Cal.App.4th 969, 978 [47 Cal.Rptr.2d 94], this court stated that "[t]o the extent that regulations conflict with statutes or decisional law, the law controls the regulations. [Citation.]"

The question, then, is whether Department's rules and regulations, to the extent that they conflict with City's smoking ordinance, violate the legislative intent expressed in Health and Safety Code section 118910 "not to preempt the field of regulation of the smoking of tobacco." We think they do.

By disavowing any intent to preempt the regulation of tobacco smoking, and by in fact expressly authorizing local agencies to "ban completely the smoking of tobacco" in any manner not inconsistent with law, the Legislature clearly indicated its intent to leave to the local authorities the matter of regulating the smoking of tobacco in their respective jurisdictions, provided the regulations so adopted do not conflict with statutory law. In delegating such regulatory power to local agencies and expressing its preference that regulation of tobacco smoking at the local level be made by local governments, the Legislature impliedly decreed that where the local agencies have stepped in to regulate the smoking of tobacco within their own territorial boundaries, the state's administrative agencies, such as Department herein, should step back. Thus, state agencies may only supplement regulatory ordinances passed by local governments pursuant to the authority delegated to them under the Clean Air Act, but may not arrogate onto themselves the specific regulatory authority granted by the act to local governments.

Evidently, the rationale for the Legislature's deference to local governments is the Legislature's recognition that local governments, equipped as they are with superior knowledge of local conditions, are better able to handle local problems relating to the regulation of tobacco smoking.

The Legislature's decision to defer to local authority binds Department. Department is without power to override that deference, just as a stream can rise no higher than its source.

### Constitutional Basis for Local Authority

In addition to the express authority granted to local agencies to regulate smoking within their territorial jurisdictions, local governments also possess on their own sufficient constitutional power to do so. Pursuant to article XI, section 7, of the Constitution, "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

Defendants have not shown that City's smoking ordinance conflicts with general laws. To the contrary, City's smoking ordinance conforms with the Clean Air Act and Labor Code section 6404.5, as will be discussed *post*.

In *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 140 [130 Cal.Rptr. 465, 550 P.2d 1001], the court stated that in California, within its own territory, a city's police power under article XI, section 7, of the Constitution "is as broad as the police power exercisable by the Legislature itself. [Citations.]" Here, it is not disputed that regulating the smoking of tobacco to protect the health of local residents is a valid exercise of local police power.

Because City's adoption of its smoking ordinance was an exercise of a constitutional power, Department's attempt to nullify that exercise must be based on clear authority. That authority cannot be derived from a rulemaking power that the Legislature itself has withheld from Department, as discussed *ante*.

### Labor Code Section 6404.5

Labor Code section 6404.5 provides additional argument for the proposition that the Legislature has not preempted the field of regulating smoking in long-term health care facilities. That section reads in pertinent part: "(a) The Legislature finds and declares that regulation of smoking in the workplace is a matter of statewide interest and concern. It is the intent of the Legislature in enacting this section to prohibit the smoking of tobacco products in all (100 percent of) enclosed places of employment in this state, as covered by this section, thereby eliminating the need of local governments to enact workplace smoking restrictions within their respective jurisdictions. It is further the intent of the Legislature to create a uniform statewide standard to

restrict and prohibit the smoking of tobacco products in enclosed places of employment, as specified in this section, in order to reduce employee exposure to environmental tobacco smoke to a level that will prevent anything other than insignificantly harmful effects to exposed employees, and also to eliminate the confusion and hardship that can result from enactment or enforcement of disparate local workplace smoking restrictions. Notwithstanding any other provision of this section, it is the intent of the Legislature that any area not defined as a 'place of employment' pursuant to subdivision (d) or in which the smoking of tobacco products is not regulated pursuant to subdivision (e) shall be subject to local regulation of smoking of tobacco products.

"(b) No employer shall knowingly or intentionally permit, and no person shall engage in, the smoking of tobacco products in an enclosed space at a place of employment.

". . . . . . . . . . . . . . . . . . . . . . . .

"(d) For purposes of this section, 'place of employment' does not include any of the following:

". . . . . . . . . . . . . . . . . . . . . . . .

"(12) *Patient smoking areas in long-term health care facilities, as defined in Section 1418 of the Health and Safety Code.*" (Italics added.)

Because subdivision (a) of Labor Code section 6404.5 expressly declares the "intent of the Legislature that any area not defined as a 'place of employment' . . . shall be subject to local regulation of smoking of tobacco products," and because under subdivision (d)(12), "place of employment" specifically excludes "[p]atient smoking areas in long-term health care facilities, as defined in Section 1418 of the Health and Safety Code," it is clear that the intent of the Legislature is to leave to local agencies, and not to Department, the matter of regulating tobacco smoking in long-term health care facilities, such as Westgate.

*No Preemption by Federal Law*

Defendants contend City's smoking ordinance is preempted by federal law. In support of this contention, defendants argue, first, that the ordinance conflicts with federal law because the facilities cannot comply

with federal requirements by locating smoking for their residents in outdoor areas only; and, second, because the ordinance enters a field fully occupied by federal and state law. We disagree.

█ Federal preemption is not presumed. The burden is on the party claiming federal preemption to prove it. (*Elsworth* v. *Beech Aircraft Corp.* (1984) 37 Cal.3d 540, 548 [208 Cal.Rptr. 874, 691 P.2d 630].)

In *Cipollone* v. *Liggett Group, Inc.* (1992) 505 U.S. 504, 516 [112 S.Ct. 2608, 2617, 120 L.Ed.2d 407], the court stated that "[c]onsideration of issues arising under the Supremacy Clause 'start[s] with the assumption that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress.' [Citation.]"

Accordingly, it has been held that "[i]n the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law [citation], or if federal law so thoroughly occupies a legislative field ' "as to make reasonable the inference that Congress left no room for the States to supplement it." ' [Citation.]" (*Cipollone* v. *Liggett Group, Inc.*, *supra*, 505 U.S. at p. 516 [112 S.Ct. at p. 2617].)

█ Here, defendants have failed to point to any federal law or regulation which manifests Congress's intent to preempt the smoking field. The two Code of Federal Regulations (hereafter, CFR) provisions relied on by defendant (42 CFR §§ 483.10(a)(1) and (2), and 483.15(b)(3) (1997)) do not in fact preempt the field. CFR section 483.10(a)(1) merely provides in relevant part that "[t]he resident has the right to exercise his or her rights as a resident of the facility and as a citizen or resident of the United States"; and CFR section 483.10(a)(2) merely states that "[t]he resident has the right to be free of interference, coercion, discrimination, and reprisal from the facility in exercising his or her rights." Likewise, CFR section 483.15(b)(3) only recognizes the right of the resident to "[m]ake choices about aspects of his or her life in the facility that are significant to the resident."

The cited CFR provisions mention nothing about smoking. From such silence, no preemption can be inferred.

Defendants' reliance on an interpretive guideline to CFR section 483.15 (b)(3) (1997), is similarly misplaced. Although "smoking" is mentioned in the interpretive guideline, nothing in the guideline can be read to confer a right to smoke indoors in long-term health care facilities.

In relevant part, the interpretive guideline states: "The intent of [CFR section 483.15(b)(3) (1997)] is to specify that the facility must create an environment that is respectful of the right of each resident to exercise his or her autonomy regarding what the resident considers to be important facts of his or her life. For example, if a facility changes its policy and prohibits smoking, it must allow current residents who smoke to continue smoking in an area that maintains the quality of life for these residents. Weather permitting, this may be an outside area. . . ." (U.S. Health Care Financing Admin., State Operations Manual, as amended June 1995, rev. 274, tag F242.)

The suggestion that, weather permitting, the smoking area may be an outside area does not compel the conclusion that if weather does not permit, the facility must allow smoking inside. The guideline's example is just that: an example. It does not exhaust the field. The qualifying requirement of the interpretive guideline is simply to "allow current residents who smoke to continue smoking in an area that maintains the quality of life for these residents." That area does not necessarily have to be inside the facility, weather permitting or not.

Regardless, because we have concluded that City's constitutionally based authority to regulate smoking within its territorial boundaries is not pre-empted by existing federal law and federal regulations, neither should such authority be preempted by a mere interpretive guideline which appears to say more than what the regulations in fact say.

We conclude that CFR's broad and general language falls short of the "clear and manifest" intent standard set forth in *Cipollone* v. *Liggett Group, Inc.*, *supra*, 505 U.S. at page 516 [112 S.Ct. at page 2617].

### *Propriety of Injunctive Relief*

■ Defendants contend the use of an injunction is improper to prevent the execution of Department's duties over the facilities which it licenses and certifies. We disagree.

Injunctive relief may be granted in a declaratory relief action. (*County of L.A.* v. *State Dept. Pub. Health* (1958) 158 Cal.App.2d 425, 444 [322 P.2d 968].) The reason is: " 'It is the duty of the court hearing an action for declaratory relief to make a complete determination of the controversy. . . .' [Citations.]" (*Ibid.*)

In *Crittenden* v. *Superior Court* (1964) 61 Cal.2d 565, 569 [39 Cal.Rptr. 380, 393 P.2d 692], where it was contended that ". . . Code of Civil Procedure section 526 and Civil Code section 3423 preclude issuance of an injunction 'To prevent the execution of a public statute by officers of the law, for the public benefit,' " the court held that "these sections, 'do not apply when the activity sought to be enjoined is an attempt to apply a statute or ordinance to conduct not within its terms. [Citations.]' [Citation.]" As discussed, Department's rules and regulations, to the extent that they are in conflict with City's smoking ordinance, exceed Department's rulemaking authority under the Clean Air Act.

Because City's smoking ordinance is valid, we hold that injunction is the proper remedy to enjoin defendants from enforcing, within City's territorial limits, Department's smoking rules and regulations that conflict with City's smoking ordinance.

### Denial of Motions to Set Aside Judgment and for New Trial

Because the trial court correctly concluded that City's smoking ordinance is valid, and is neither preempted by state and federal laws nor in conflict with Department's smoking rules and regulations, we reject defendants' contention that the trial court erroneously denied its motions for a new trial and to set aside the judgment.

Defendants' claim that the trial court raised a new issue by stating that the state regulations could be complied with by providing outdoor areas for the residents to smoke is incorrect. That observation by the trial court was mere obiter dictum. The validity of City's smoking ordinance did not depend on whether Department's regulations could be complied with by providing outdoor areas for smoking. Rather, as discussed, the validity of City's smoking ordinance resulted, first, from City's authority to enact such ordinance under the Clean Air Act and Labor Code section 6404.5, and, second, from City's valid exercise of its constitutional police power to protect the health and safety of its residents. Further, City's exercise of such power was not preempted by state and federal laws, and does not conflict with existing state and federal laws and regulations.

### Declaration of Brenda Klutz

In support of their motion to set aside judgment and for a new trial, defendants submitted the declaration of Brenda Klutz, assistant deputy

director and chief of field operations of Department's licensing and certification program. Klutz declared, inter alia, that allowing residents of long-term health care facilities to smoke outdoors "is not appropriate or safe for all residents, and DHS does not allow out-of-door smoking areas as the sole method of accommodating those long-term health facility residents who have a right to smoke."

City moved to strike Klutz's declaration on the ground that it was merely a subterfuge to supplement the record on appeal. The court denied City's motion.

We do not need to reach the issue of whether the trial court erred in denying City's motion to strike. It will suffice to state that we find Klutz's declaration irrelevant to the issue of preemption, which is the dispositive issue in this appeal.

### DISPOSITION

The judgment is affirmed. City is awarded costs on appeal as the prevailing party herein.

Elia, J., and Wunderlich, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 18, 1998.