[No. A085672. First Dist., Div. Three. Feb. 28, 2000.]

TRANSWORLD SYSTEMS, INC., Plaintiff and Appellant, v.
COUNTY OF SONOMA, Defendant and Respondent.

714

---

**COUNSEL**

Anderson Zeigler Disharoon Gallagher & Gray and Daniel Evans Post for Plaintiff and Appellant.

Richard Manual Flores, County Counsel, for Defendant and Respondent.

## OPINION

**CORRIGAN, J.**—Transworld Systems, Inc. (TSI), a collection service, appeals following the trial court's grant of summary judgment for the County of Sonoma (the County) in TSI's suit for refund of business property taxes. TSI contends the form letters it sends to debtors qualify as exempt business inventory of a nonprofessional service under Revenue and Taxation Code section 129 and California Code of Regulations, title 18, section 133. We agree.

### Factual and Procedural Background

TSI sells its customers the right to submit a specified number of past due accounts to TSI for collection. TSI's administrative and material costs are factored into the prepaid price. On behalf of its customers, TSI then sends the debtors a series of computer-generated letters on TSI's preprinted forms. The customer chooses which series of letters each debtor will receive. Once that choice is made, the debtor receives a fixed series of form letters, printed by computer. The text of each series of letters is preset; only the debtor information and creditor information change.[1] Except as required for data entry purposes, TSI does not review or analyze information submitted by the customer, nor does it offer advice regarding such matters as the propriety of sending collection letters to a particular debtor.

In April 1995, the County Assessor's Office audited TSI's business property statements and determined that TSI's preprinted forms and envelopes did not qualify for the business inventory exemption. The auditor relied on an advisory letter from the State Board of Equalization (the Board) stating that TSI's form letters were transferred in the rendition of a professional service, and therefore did not qualify for the business inventory exemption under California Code of Regulations, title 18, section 133, subdivision (c).[2] TSI paid the additional assessment of approximately $27,500, and sued for a refund.

---

[1] The debtor information includes name, address and amount due. The creditor information includes name, address, and phone number. TSI also includes the address of its own nearest office.

[2] Section 133, subdivision (c) provides: "Service Enterprises. Property held by a person in connection with a profession which is primarily a service activity such as medicine, law, architecture or accountancy is not 'business inventories' held for sale or lease even though such property may be transferred to a patient or client incidental to the rendition of the professional service. Property held by enterprises rendering services of a nonprofessional type such as dry cleaners, beauty shop operators and swimming pool service companies is to be regarded as 'business inventories' held for sale if such property is delivered to the customer as an item regularly included in the service." All further section references are to the California Code of Regulations, title 18, unless otherwise indicated.

TSI moved for summary judgment, arguing the property was exempt under section 133, subdivision (c) as business inventory delivered in the rendition of a nonprofessional service. The County's opposition propounded three main arguments: (1) the service was professional; (2) even if the service was nonprofessional, the letters were not "delivered to the customer" as specified by section 133, subdivision (c); and (3) the form letters and envelopes constituted office supplies, which are excluded under section 133, subdivision (b).[3] The trial court found TSI's service was nonprofessional within the meaning of the regulation.[4] The court concluded, however, that the property was not exempt because (1) it was not delivered to the customer, and (2) it was excluded as office supplies. Acknowledging that it was "a tough call," the court therefore denied TSI's motion for summary judgment and granted the County's subsequent motion, based on the same arguments. This appeal followed the ensuing dismissal.

## Issues on Appeal

■ Proper classification of business assets for purposes of taxation is a question of law. (*May Department Stores Co. v. County of Los Angeles* (1987) 196 Cal.App.3d 755, 761-762 [242 Cal.Rptr. 162].) Review is therefore de novo. ■ While statutes granting property tax exemptions are generally construed strictly, that approach "does not require that the narrowest possible meaning be given to words descriptive of the exemption, for a fair and reasonable interpretation must be made of all laws, with due regard for the ordinary acceptation of the language employed and the object sought to be accomplished thereby. [Citations.]" (*Cedars of Lebanon Hosp. v. County of L. A.* (1950) 35 Cal.2d 729, 735 [221 P.2d 31, 15 A.L.R.2d 1045].)

■ Business inventories are exempt from taxation. The Legislature has defined business inventories as "goods intended for sale or lease in the ordinary course of business." (Rev. & Tax. Code, § 129.) Section 133, subdivision (c) further provides that property held by nonprofessional

[3] Section 133, subdivision (b) provides in relevant part: "Exclusions. Property eligible for the 'business inventories' exemption does not include: [¶] (1) Property of any description in the hands of a vendee, lessee or other recipient on the lien date which has been purchased, leased, rented, or borrowed primarily for use by the vendee, lessee or other recipient of the property rather than for sale or lease or for physical incorporation into a product which is to be sold or leased. Examples of property excluded from business inventories are office supplies, furniture, machines and equipment and manufacturing machinery, equipment and supplies . . . ."

[4] The County failed to take a cross-appeal from this ruling and, thus, has waived its right to contest this conclusion here.

service enterprises constitutes business inventory if it is regularly delivered to the customer as part of the service provided.[5]

The collection service provided by TSI includes the transmission of a set of preprinted letters, chosen by the customer, to the customer's designated debtors. The trial court concluded TSI conducted a nonprofessional service, but the letters were not exempt because they were not "delivered to the customer as an item regularly included in the service," as specified in section 133, subdivision (c). TSI argues the trial court construed the regulation too narrowly, placing undue emphasis on transfer of the property to the customer. Neither party cites, nor has our research uncovered, any relevant precedent.

We conclude, however, that the statutory definition of "business inventories" as "goods intended for sale or lease in the ordinary course of business" indicates the critical consideration is whether the goods are to be transferred away from the business pursuant to sale, not whether they are to be delivered directly to the customer or to a third party designated by the customer. (Rev. & Tax. Code, § 129.) The fact that the letters are delivered *for* the customer rather than *to* the customer is not relevant to the statutory scheme, nor does the distinction appear significant in the context of the regulation read as a whole.[6] ■ Regulations must be construed in a manner consistent with the legislative purpose, and may not conflict with the statute. (Gov. Code, § 11342.2; *City of San Jose v. Department of Health Services* (1998) 66 Cal.App.4th 35, 41-42 [77 Cal.Rptr.2d 609].)

■ The Board did not distinguish between delivery to the customer and delivery to a third party in its 1980 letter to county assessors regarding the business inventory exemption. The letter discusses the distinctions made by section 133, subdivision (c) as follows: "Goods transfered in the rendition of a professional service are not eligible for the business inventory exemption, while goods transfered in the rendition of a nonprofessional service are eligible." The letter does not limit the exemption to transfers directly to the customer. The letter also states, by way of example, that embalming fluids used by a mortuary are eligible for the business inventory exemption as goods transferred in the rendition of a nonprofessional service, thus suggesting that delivery to the buyer of the service is not required. We conclude that property of nonprofessional service enterprises constitutes exempt business

[5]See footnote 2, *ante*.

[6]Practically, such a distinction would also probably prove unworkable, because many businesses deliver goods both to customers and to third parties, and would not be able to determine in advance which goods would ultimately belong in each category. We also note it is undisputed that the County has never relied on this distinction in the past, nor did it consider this issue before litigation.

inventory if it is delivered incidental to the rendition of the service, regardless of whether the goods are delivered to the customer or to a third party designated by the customer.

TSI's form letters are not excludable office supplies under section 133, subdivision (b). While the form letters and envelopes might be considered office supplies in some general sense, the focus of subdivision (b) is more specific. That subdivision excludes property held for use primarily by the business itself, rather than for sale. It was undisputed that TSI uses the forms only to send letters to debtors at the direction of its customers, and that the design of the forms precludes any other use. The forms are not general office stationery usable for multiple internal business purposes, and thus do not come within the office supplies exclusion of section 133, subdivision (b). We also note that the County's interpretation of subdivision (b) would effectively eliminate the exemption granted by subdivision (c). Virtually any property transferred incidental to the rendition of a nonprofessional service might be said to be purchased primarily for use in running the business.

### Disposition

The judgment is reversed, and the matter is remanded with directions to enter summary judgment for appellant Transworld Systems, Inc. Appellant shall recover its costs on appeal.

McGuiness, P. J., and Walker, J., concurred.