[No. E032144. Fourth Dist., Div. Two. Apr. 21, 2003.]

BRUTOCO ENGINEERING & CONSTRUCTION, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
UNITED ENGINEERING TECHNOLOGY, INC., et al., Real Parties in
Interest.

## COUNSEL

Jones, Mahoney, Brayton & Soll and Paul M. Mahoney for Petitioner.

No appearance for Respondent.

Bruce A. Behrens, David R. Simmes, Ruth W. Yeager and Robert W. Vidor for Real Party in Interest State of California, Department of Transportation.

No appearance for Real Party in Interest United Engineering Technology, Inc.

## OPINION

**RICHLI, Acting P. J.**—This action involves the procedure to be followed in a contractual arbitration between the Department of Transportation of the State of California (State) and a private party or parties, as governed by the

Public Contract Code.[1] We find that the trial court correctly declined to consider proposed arbitrators who have not been certified by the Public Works Contract Arbitration Committee, and instead confined itself to persons on that list or panel. Accordingly, we will deny the petition.

### STATEMENT OF FACTS

Petitioner Brutoco Engineering & Construction, Inc. (Brutoco) was the prime contractor on a state highway project. Real party in interest United Engineering Technology, Inc. (United), a subcontractor, asked Brutoco to submit a claim to the State on a "pass-through" basis for an additional $453,867.54. The claim was denied, and United duly filed a complaint *in arbitration* against the State, naming Brutoco as a real party in interest. Brutoco answered, and also filed a cross-complaint against the State for implied indemnity, declaratory relief, and "equitable apportionment of fault."

The parties made efforts to agree on an arbitrator, but without success. The State then invited the other parties to request the appointment of an arbitrator by the superior court, pursuant to Code of Civil Procedure section 1281.6.[2] Brutoco did so.

The State objected to Brutoco's initiative on grounds not relevant to this petition, but proceeded to suggest three persons as possible arbitrators. Brutoco, in turn, responded that the suggested persons were not suitable, and further asserted that the State has a practice of rejecting all proposed arbitrators other than those "known" to favor it.[3] Brutoco also asked the superior court to establish a list of five potential arbitrators comprised of retired judges available through an established arbitration or "private judging" group.

---

[1] All further statutory references are to the Public Contract Code unless otherwise indicated.

[2] With respect to contractual arbitration, that statute provides, in pertinent part, that "if the agreed method fails . . . the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." (Code Civ. Proc., § 1281.6.) However, the court first nominates five persons from lists supplied by the parties or obtained from an agency or private association, and only appoints an arbitrator if the parties cannot agree on one of these five persons. As will appear, the statute and regulations governing disputes arising out of public contracts set up a slightly different procedure. The power of the court is not invoked until a genuine impasse has been reached, and the court then may proceed directly to appoint an arbitrator. In this case, however, a hybrid procedure seems to have been followed. After efforts supervised by the Office of Administrative Hearings failed to result in an agreed and willing arbitrator, the court also gave the parties the opportunity to agree on one of a list of nominees. We express no view on the propriety of that procedure or on other issues which might be raised by it.

[3] We stress that we do not accept Brutoco's assertions as fact.

Although Brutoco at all times insisted that the potential arbitrators could, and should, include persons not on the list supplied by the State—that is, a list of arbitrators approved by the Public Works Contract Arbitration Committee[4]—at first the parties apparently *did* agree on one of the persons nominated by the court from that list. (*Ante,* fn. 2.) However, when that person proved to be unable to serve, first the State and then Brutoco disqualified two arbitrators appointed by the court. After further difficulties, the trial court apparently then requested briefing on the issue of its authority to consider persons not on the list, and after considering the arguments of the parties, denied Brutoco's request and nominated another set of five from the list. Brutoco petitioned this court for an order declaring the statutory scheme to be unconstitutional on grounds that we will briefly discuss, and requiring the court to follow the procedure set out in Code of Civil Procedure section 1281.6. However, Brutoco also argued that the trial court erred in believing that it had no power to nominate persons not on the list, and this court requested further briefing on that issue.

DISCUSSION

A. *Constitutionality*

■ The State's position, accepted by the trial court, is that the court is required to nominate, or at least eventually to appoint, only arbitrators on the approved list. The contracts in the case provide that "[a]rbitration shall be pursuant to . . . Sections 10240-10240.13, inclusive, and applicable regulations."[5] Section 10240.3, which differs in significant respects from Code of Civil Procedure section 1281.6, provides that "[u]nless otherwise agreed by the parties, the arbitration shall be conducted by a single arbitrator selected by the parties from the certified list created by the Public Works Contract Arbitration Committee. If the parties cannot agree on the arbitrator, either party may petition the superior court to appoint one from the panel of arbitrators certified by the Public Works Contract Arbitration Committee."

Brutoco argues strenuously that the only persons who are certified for inclusion on the list are persons who have indicated that they will favor the State; or, alternatively, that if a person somehow gets on the list who is *not* biased in favor of the State, that person will never be accepted by the State

---

[4]The committee is established by section 10245 et seq.

[5]This provision is apparently standard in State contracts.

and will be disqualified if appointed by a court.[6] Unfortunately, this position is supported by nothing more than hyperbolic language and, no doubt, the fervent conviction of Brutoco. Brutoco failed to establish a persuasive record on the issue below, and we do not accept as fact the anecdotal additional allegations in the petition.

Furthermore, Brutoco's reliance on *Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017 [119 Cal.Rptr.2d 341, 45 P.3d 280] points up the basic flaw in its argument. That case involved a challenge to the actual or inferable bias of a hearing officer appointed by a public entity to conduct a quasi-adjudicative hearing.[7] ▇ It is well established that the government is required to provide due process in such proceedings. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 880, 885 [121 Cal.Rptr.2d 729].) This means, inter alia, that the person challenging the proposed governmental action against him has the right to a "reasonably impartial" decision maker. (*Linney v. Turpen* (1996) 42 Cal.App.4th 763, 771 [49 Cal.Rptr.2d 813].)

▇ This case, however, does not involve a quasi-judicial governmental act, but rather the arbitration of a contractual dispute under conditions to which all parties agreed. Brutoco can only escape its contractual obligation to arbitrate under agreed terms if it can show that those terms are *unconscionable*. (See *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 113-114 [99 Cal.Rptr.2d 745, 6 P.3d 669].) Assuming that the Public Contracts Code not only requires arbitration of disputes, but also specifies the details, then the first element of unconscionability—adhesion—would be present. (*Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 817-819 [171 Cal.Rptr. 604, 623 P.2d 165].) However, a party seeking to avoid provisions of a contract must also show that a given term is so harsh and one-sided as to "shock the conscience." (*Pardee Construction Co. v. Superior Court* (2002) 100 Cal.App.4th 1081, 1090 [123 Cal.Rptr.2d 288].) This Brutoco has failed to do.

Brutoco argues that the State controls the Public Works Contract Arbitration Committee. Although four of the seven members are directors of state

---

[6]The parties apparently recognized a mutual right to disqualify a nominee suggested by the court, although the source of this right is not clear. As noted, section 10240.3 simply provides that a party may petition the court to appoint an arbitrator. As the preliminary procedure prescribed by the regulations has already given the parties numerous opportunities to eliminate multiple arbitrators, and as the court's authority is not to be invoked until repeated efforts have failed, there seems to be little point in once again deferring to a round of objections.

[7]The case arose from the County of San Bernardino's decision to revoke Haas's license to operate a massage clinic.

agencies or their appointees (§ 10245, subds. (b) & (c)), one of these four is *nonvoting*. The other three members are public appointees. (§ 10245, subd. (a).) Brutoco has failed to explain how the State can control anything without a majority.[8] Brutoco has also failed to set out the process for certifying members of the list, or to demonstrate how the selection process has or could have been manipulated by any of the State representatives.

In short, Brutoco has failed to establish that the provisions governing arbitration are unenforceable even if construed in favor of the State.

B. *Persons Who May Be Appointed*

 Brutoco also argued below that even if the statutory framework is constitutional (as we have found that it is), the trial court was wrong in believing that it could not consider for appointment any persons not on the certified list. It cited California Code of Regulations, title 1, section 1321, which expands on section 10240.3. In case of failure to agree, the regulation first simply requires the parties each to submit a list of five names to the Office of Administrative Hearings. If no name appears on both (or all) lists, the office is to add 10 names *from the certified list* and then submit them to the parties. Each party may cross off objectionable names, and an arbitrator is selected from those remaining. However, if this fails, "either Petitioner or Respondent may petition the Superior Court to appoint the Arbitrator from among those who have indicated a willingness to serve . . . ." (Cal. Code Regs., tit. 1, § 1321, subd. (d).) That the names submitted by the parties need not be of persons on the certified list is made clear by California Code of Regulations, title 1, section 1321, subdivision (e), which states that "[i]f the name of a person is submitted as an acceptable Arbitrator and the person is not enrolled on the certified panel of Arbitrators, the Petitioner or Respondent submitting such name at the same time shall also submit a statement of qualifications similar to that required of persons on the certified panel."

The State did not respond to this argument below, and the trial court did not expressly address it. The State now takes the position that if the regulation conflicts with the statute, it is invalid. This is, in general, a correct position. Government Code section 11342.2 provides that "no regulation

---

[8]If Brutoco argued that the public members, who serve four-year terms (§ 10245.1), are similarly institutionally biased, our response would be that if such an assumption must be made, it would become impossible for the State to provide for any of the myriad hearings which it must by law hold, or in which it becomes involved. (See *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.*, *supra*, 99 Cal.App.4th at p. 886, fn. 6.) We decline to make the assumption. Furthermore, we note that the members serve without compensation, other than reimbursement for travel and other expenses.

adopted is valid or effective unless consistent and not in conflict with the [enabling] statute and reasonably necessary to effectuate the purpose of the statute." (See also *Cooper v. Swoap* (1974) 11 Cal.3d 856, 864 [115 Cal.Rptr. 1, 524 P.2d 97]; *City of San Jose v. Department of Health Services* (1998) 66 Cal.App.4th 35, 42 [77 Cal.Rptr.2d 609].) Section 10240.3 provides for arbitration by a person on the certified list, while the regulation expands the universe of permissible arbitrators. Very arguably, to this extent it would be invalid, except that the *statute* begins with the qualifying phrase, "*Unless otherwise agreed by the parties.*" (§ 10240.3, italics added.) Thus, although section 10240.3 contemplates that in a typical case arbitration will be by a member of the certified list, it certainly gives the State the power to consent to an arbitrator not on the list.

The statute is not quite so clear in providing an answer to the question of the State's power to agree in advance to a selection procedure which might result in the appointment of an arbitrator not on the list *over the objections of the State to that particular arbitrator.* Obviously, the Legislature might reasonably feel it desirable to allow the State to agree to an arbitrator who the State deemed qualified and impartial, despite the fact that the proposed arbitrator had not been formally qualified by the committee. But is the phrase "unless otherwise agreed" broad enough to authorize the State to agree, in advance, to a selection procedure which would open up the appointment to persons not on the list and not acceptable to the State?

We asked the parties to brief specifically this question and whether the State, by entering into a contract which included the provision that it would be governed by the statutes *and* regulations, consented to a procedure which contemplated the use of an arbitrator not on the certified list over the State's objection. After careful consideration, we have concluded that, properly construed, the regulation at issue does not permit such use, and therefore the contract does not represent an agreement to that effect.

Section 10240.3 sensibly permits the State to agree to an acceptable arbitrator not on the list. However, the Legislature, by enacting section 10240.3, has categorically expressed a preference for arbitrators certified by the committee, and the regulation must be read in that light. ■ In this respect, judicial construction of regulations is governed by the same standards as the construction of statutes. (*Farm Sanctuary, Inc. v. Department of Food & Agriculture* (1998) 63 Cal.App.4th 495, 505-506 [74 Cal.Rptr.2d 75].) That is, we attempt to ascertain the intent of the Legislature and, if possible, harmonize any arguably conflicting provisions to carry out that intent. (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301,

309-310 [99 Cal.Rptr.2d 792, 6 P.3d 713].) Furthermore, we do not assume that the Legislature would deliberately adopt a regulation which conflicted with the statute and thus be invalid. (See *Cooper v. Swoap, supra,* 11 Cal.3d 856 and *City of San Jose v. Department of Health Services, supra,* 66 Cal.App.4th 35.) We therefore incline towards an interpretation not in conflict with the statute.

So examined, California Code of Regulations, title 1, section 1321 may, and should, be read to permit the parties to nominate persons not on the certified list. This is indisputably clear from subdivision (e) and, as we have discussed above, there is no reason why either the State or other parties to the pending arbitration should not have the ability to propose persons not on the list for consideration. After all, the statute itself ("unless otherwise agreed") gives the State the power to agree to anyone it chooses. But, the regulation does *not* provide for the selection of such a person by the court if the parties cannot agree to an arbitrator (either on or off the list).

In describing those persons *on* the certified panel who may be added by the Office of Administrative Hearings to fill out the list of eligible arbitrators to be considered by the parties, California Code of Regulations, title 1, section 1321 repeatedly uses the qualification "who have indicated a willingness to serve as an Arbitrator in the location for the hearing." The certified panel list does indeed include a designation by the panel member of the geographical locations in which he or she is willing to serve. The last paragraph of subdivision (d) reads, "If after this second submission an Arbitrator has not been selected, either Petitioner or Respondent may petition the Superior Court to appoint the Arbitrator *from among those who have indicated a willingness to serve as an Arbitrator in the location for the hearing*." (Cal. Code Regs., tit. 1, § 1321, subd. (d), italics added.) By reference to the regulation's other uses of this phrase, we think it reasonably clear that this phrase is intended to describe persons on the certified list and therefore the pool of permissible appointees is also so limited.

Thus, the regulation contemplates that if the process has stalled to the point where the court must appoint an arbitrator, that arbitrator is to be selected from the certified list. This interpretation is not only reasonable, given the language of the regulation, but it is consistent with section 10240.3. If the State can agree with the other parties on an arbitrator not on the certified list, such a person may serve; otherwise, the arbitrator must come from a prescreened and prequalified panel. A person not on the certified list cannot be appointed over the objection of the State.

## Disposition

The trial court therefore acted correctly when it declined to nominate or otherwise consider persons proposed by Brutoco who are not on the certified list. Brutoco is not entitled to an order directing the court to do so and the petition for writ of mandate is denied.

Each party shall bear its own costs.

Hollenhorst, J., and Gaut, J., concurred.

Petitioner's petition for review by the Supreme Court was denied August 13, 2003.