Filed 11/21/23  A.R. v. Chris R. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| A.R., | D080340 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 21FDV03545E) |
| CHRIS R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Sharon L. Kalemkiarian, Judge.  Affirmed.

Chris R., in pro. per., for Defendant and Appellant.

A.R., in pro. per., for Plaintiff and Respondent.


MEMORANDUM OPINION[1]

Chris R. appeals from the trial court's January 3, 2022 order denying his cross-petition for a domestic violence restraining order against his then 17-year-old daughter A.R.  (See Fam. Code, § 6200 et seq.)  Chris and his

---

[1]   We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

former wife of nearly ten years, Victoria R., have two children, A.R. and C.R.; they divorced in 2013. There are four appeals currently pending in this court involving Chris, Victoria, A.R., and Chris's longtime girlfriend Naomi Yael Bar-Lev.[2]

This case began when A.R. sought a domestic violence restraining order against Chris stemming from an incident that occurred on July 10, 2021.[3] Chris in response sought his own domestic violence restraining order against A.R. After an evidentiary hearing, the trial court denied both requests, finding there was no evidence either party was then in need of protection. The court found that A.R. and Chris no longer lived together; since the July 2021 incident, neither of them had sought the other out or attempted to be near one another; and the incident was "over, and . . . done." The court made its ruling without prejudice.

Chris is appearing in propria persona, as he did in the trial court. Although self-represented, we may not excuse Chris from following the rules

[2]     See D080144 (*A.R. v. Bar-Lev*, case No. 37-2021-00030596-CU-HR-EC [civil restraining order issued for A.R. against Bar-Lev]); D080206 (*Victoria R. v. Bar-Lev,* case No. 37-2021-00031657-CU-HR-EC [civil restraining issued for Victoria against Bar-Lev]); and D080337 (*Chris R. v. Victoria R.*, case No. D540635 [Chris's appeal from denial of his petition for a domestic violence restraining order against Victoria]).

[3]     In her respondent's brief, A.R. asks us to reverse a portion of the trial court's January 3, 2022 order denying *her* request for a restraining order against Chris. However, A.R. did not appeal from that order, and the matter therefore is not properly before us. (See *Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 665 [respondent who failed to file his own appeal seeking affirmative relief forfeits appellate challenge to trial court's ruling]; *Transworld Systems, Inc. v. County of Sonoma* (2000) 78 Cal.App.4th 713, 716, fn. 4 [defendant county waived its right to contest an adverse finding of the trial court by failing to file a cross-appeal].)

of appellate procedure.  (See *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31 [" 'as is the case with attorneys, [self-represented] litigants must follow correct rules of procedure' "]; accord *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*) [a self-represented party " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys' "].)

A trial court's judgment or order is presumed correct and it is the appellant's burden to affirmatively show error on appeal.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)  To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and, if possible, authority to support the claim of error.  (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457; see Cal. Rules of Court,[4] rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; *id.*, (a)(1)(B) [briefs must state each "point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].)

In addition, the appellant's factual summary must be limited to "significant facts . . . in the record" (rule 8.204(a)(2)(C); *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"]) and

---

4      All further "rule" references are to the Rules of Court.

must include " ' "*all* the material evidence on the point and *not merely* [his or her] *own evidence*" ' " (*Nwosu, supra*, 122 Cal.App.4th at p. 1246).

The appellant also must present an "adequate record" for review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 (*Ballard*).)  Rule 8.122(b) sets out the required contents of a clerk's transcript.  Among others, it "must" include "[a]ny . . . document filed . . . in the case in superior court" pertaining to the issues on appeal (rule 8.122(b)(3)(A)); and "[a]ny exhibit admitted in evidence, refused, or lodged" (*id.*, (b)(3)(B)).

Here, Chris has failed to follow these basic rules of appellate procedure. His statement of facts contains legal argument, includes factual assertions without citation to the record, and is decidedly one-sided.  He also relies on asserted facts outside the record to support his arguments, including facts after the trial court made its ruling (i.e., his questioning the "validity" of one of the court reporters who prepared part of the clerk's transcript).  We are not permitted to consider evidence arising after the trial court's decision "because an appeal reviews the correctness of a judgment [or order] as of the time of its rendition, upon a record of matters which were before the trial court for its consideration." (*In re James V.* (1979) 90 Cal.App.3d 300, 304.)  And, while Chris cites two cases in his argument, he fails to explain how those cases support his position and demonstrate legal error by the court.

Chris's arguments also show a misunderstanding of our role as an appellate court.  A reviewing court does " 'not reweigh evidence or reassess the credibility of witnesses,' " as it is " ' "not a second trier of fact." ' " (*Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015; accord *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364.)

Most consequential is Chris's failure to provide us with a proper record. (*Ballard*, *supra*, 41 Cal.3d at pp. 574–575.)  The record does not contain

4

Chris's cross-petition for a domestic violence restraining order, which is the subject of this appeal; nor does it contain the exhibits admitted at the January 3, 2022 evidentiary hearing, as shown by the court minutes, or the domestic violence restraining order A.R. filed on July 19, 2021. (See rule 8.122(b)(3)(A), (B).) Without a proper record of the relevant proceedings, we cannot determine what, if any, evidence was presented to the trial court resulting in the challenged order. Consequently, we must presume the evidence supports the court's findings and its resulting order was proper based on those findings. (*Jameson, supra*, 5 Cal.5th at p. 609; accord *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record."]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

## DISPOSITION

The trial court's January 3, 2022 order is affirmed.


DO, J.


WE CONCUR:

McCONNELL, P. J.

IRION, J.

5