Filed 11/7/25  Thornberry v. County of Stanislaus CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KENNETH L. THORNBERRY, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> COUNTY OF STANISLAUS, <br><br> Defendant and Appellant. | F087970 <br><br> (Super. Ct. No. CV-22-001046) <br><br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Stacy P. Speiller, Judge.

Dan Farrar, for Defendant and Appellant.

Berliner Cohen, Michael B. Ijams, Makayla A. Whitney, and Robert Aversa-Goodman for Plaintiff and Respondent.

-ooOoo-

In this case, the County of Stanislaus (County) appeals after a bench trial where the trial court determined that County applied an incorrect methodology when assessing steel structures erected as part of new solar systems. Respondent Kenneth L. Thornberry (Thornberry), acting as trustee of the Kenneth L. Thornberry and Pamela B. Thornberry Revocable Trust, had purchased prefabricated steel structures to support solar panels added to two properties held by the trust. Such structures can be considered new construction that trigger reassessment of the properties and related tax liabilities. However, an exception exists for new construction that is part of an active solar system. Thornberry alleged the structures were part of active solar systems, but County disagreed and reassessed the properties with the structures.

This dispute suggests several potentially relevant questions, including the meaning of the phrase "active solar system," the scope of the exception for parts of such a system, and the line where an otherwise taxable structure can be excepted from taxation because it is necessary to the solar system. This opinion, however, does not reach these issues. As presented, County only raises a more foundational question: Does a trial court review such assessment determinations de novo or for substantial evidence? Here, the trial court reviewed the assessment de novo and found County's methodology was arbitrary, exceeded its discretion, or was in violation of standards prescribed by law. County makes no argument that the trial court's de novo resolution was incorrect. Rather, it argues the trial court was not permitted to review the underlying methodology and therefore could only consider whether substantial evidence supported County's determination.

For the reasons set forth below, we conclude that Thornberry raised a legal challenge to the assessment methodology that warranted de novo review. We therefore affirm the trial court's judgment. In doing so, we take no position on the correctness of the trial court's analysis or on its conclusion that Thornberry's property was excepted from reassessment as a matter of law under the facts presented. We consider such issues

2.

forfeited in this appeal.  Further, we conclude we lack jurisdiction to hear County's challenge to the attorney fee award entered after the judgment because County did not file a separate and timely notice of appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The Kenneth L. Thornberry and Pamela B. Thornberry Revocable Trust owns properties located in Ceres and Oakdale.  These properties are at least partially used in a commercial rock-crushing business.  Thornberry is the trustee for that trust.

In 2018, Thornberry installed a solar system on the Ceres property.  He decided to elevate the solar panels above the property.  To do so, he ordered a roughly 5,000-square-foot prefabricated steel structure utilizing a roof, but no walls.  Once that structure was installed, solar panels were attached to the roof.  Although not complete at the time of assessment, these panels eventually covered the entire area of the roof.  Thornberry claimed such a structure was necessary to protect the solar panels from dust and rock debris created by the rock-crushing business, and to ensure heavy machinery would not damage the system if a collision occurred.

In 2020, Thornberry completed a similar installation on the Oakdale property.  As Thornberry neared completion of the Oakdale installation, he received notice that it would be assessed as new construction because it did not satisfy an exception for active solar systems set out in Revenue and Taxation Code section 73.  Shortly thereafter, Thornberry received notice that the Ceres property would be reassessed to capture taxes owed back to 2018, when the solar installation occurred.

Thornberry appealed this decision to the Stanislaus County Assessment Appeals Board (the Board).  The Board held a hearing at which both Thornberry and the assessor provided testimony regarding the nature of the structures and the basis for assessment. The Board heard testimony regarding the assessor's understanding of the phrase "active solar system," as used in Revenue and Taxation Code section 73, and how that understanding was applied to Thornberry's structures through a comparison to other

3.

similar structures. During that discussion, issues such as whether the structure has a roof and whether there exists a utility to the structure if the solar panels were removed were considered important aspects of the analysis. Ultimately the Board upheld the assessments.

Following this ruling, Thornberry filed the present action. In his first amended complaint, Thornberry presented a single claim for a tax refund. Thornberry alleged the Board "utilized an improper valuation method and interpretation of [Revenue and Taxation Code] Section 73" because it imposed a " 'litmus test' " that asked "whether the solar canopy *could* have been used for another purpose if the solar panels were removed."

The first amended complaint proceeded to a bench trial. Both parties stipulated to submit the administrative record from the Board hearing in lieu of direct testimony. The trial court set a briefing schedule and heard argument.

The trial court then issued its order. The trial court reached two relevant conclusions. First, after finding there were no relevant facts in dispute, the court concluded Thornberry's challenge raised an issue of law regarding the validity of the assessment methodology used by the assessor. Agreeing that the assessor had applied a litmus test that unduly narrowed Revenue and Taxation Code section 73, the trial court concluded the assessor's methodology was arbitrary, in excess of discretion, or in violation of standards prescribed by law. Second, the trial court determined that, applying a correct methodology, Thornberry had proven his structures were properly considered an essential part of the solar energy systems in this case. The court therefore ordered a tax refund in the amount of $3,139.56. In addition, the court noted that the issue of attorney fees had been raised in the pleadings but not yet addressed and ordered additional briefing on that matter.

While the briefing on attorney fees was proceeding, County filed a timely appeal of the trial court's judgment awarding a tax refund. After this notice of appeal was filed,

4.

the trial court entered an order awarding Thornberry his attorney fees under Code of Civil Procedure section 1021.5.

## DISCUSSION

In briefing for this appeal, County challenges the trial court's legal review of the assessor's methods and the award of attorney fees. As discussed further below, County has chosen to argue a narrow position regarding the trial court's review of its assessment methodology. Thornberry contends this narrow argument is both incorrect and forfeits broader arguments. With respect to the attorney fee issue, County challenges the appropriateness of the court's order while Thornberry alleges we lack jurisdiction to hear the appeal.

### *Standard of Review and Applicable Law*

" 'The proper scope of review of assessment decisions is well established. [Citation.] "When the assessor utilizes an approved valuation method, [its] factual findings and determinations of value based upon the appropriate assessment method are presumed to be correct and will be sustained if supported by substantial evidence." [Citation.] However, where the taxpayer attacks the validity of the valuation method itself, the issue becomes a question of law subject to de novo review.' [Citation.] Whether the assessor's valuation improperly subsumed the value of nontaxable intangible property generally ' "presents a question of valuation methodology, which is a legal issue subject to … independent review." ' " (*Olympic & Georgia Partners, LLC v. County of Los Angeles* (2025) 18 Cal.5th 739, 755, fourth bracketed insertion added.) "[T]o the extent the Board's conclusions regarding such assets require the resolution of disputed questions of fact about the nature or characteristics of the assets in question, the Board's factual findings on those issues are generally subject to the substantial evidence standard." (*Ibid.*)

### _Thornberry Challenged the Valuation Methodology_

County contends that the "determination of whether the structures are 'an active solar system' is not an 'assessment methodology' " but rather "a factual issue not subject to de novo review." County claims this is so because the method of valuation "is how an assessor determines the value of the property, not what property to value." Relying on several cases where adjustments or exclusions to the fair market value of property were deemed factual issues, County ultimately contends that "the issue is not whether the active solar system exclusion applies in an appropriate case, but rather a factual issue as to whether Thornberry proved the structures fell within the definition of an active solar system." We do not agree.

A valuation methodology is not limited to determining the property's value but includes legal questions regarding what property to value. In _Olympic & Georgia Partners, LLC v. County of Los Angeles, supra_, 18 Cal.5th 739, our Supreme Court considered whether certain income streams should or should not be utilized in an income capitalization valuation method. (_Id._ at pp. 748–749.) The question at hand was whether or not certain income was " ' " 'derived in large part from enterprise activity.' " ' " (_Id._ at p. 749.) This analysis consisted of both a legal interpretation of what constituted enterprise activity and potential factual determinations regarding the nature of the property, leading to the court's statement that the question whether an assessor's valuation improperly subsumed the value of nontaxable intangible property was a legal issue while recognizing that the resolution of disputed facts about the nature or characteristics of the assets remained subject to the substantial evidence test. (_Id._ at pp. 755–756.) Thus, the court considered in the first instance whether assessors may consider revenue derived from intangible contractual rights that increase the amount of income that a property can yield from a legal framework, before then considering whether factual findings that related to the nature of the contract at issue were supported by substantial evidence. (_Id._ at pp. 763–767.)

Other cases align with this analytical structure. In *Transworld Systems, Inc. v. County of Sonoma* (2000) 78 Cal.App.4th 713, 715, for instance, the court was asked to determine whether certain stationary used for form letters qualified as exempt business inventory. The court noted: "Proper classification of business assets for purposes of taxation is a question of law." (*Id.* at p. 716.) The court then considered from a legal standpoint whether letters sent by a collection company could constitute business inventory despite not being sent to the client that instituted the collection services. (*Id.* at p. 717.) The same analytical framework was applied in *Amdahl Corp. v. County of Santa Clara* (2004) 116 Cal.App.4th 604, 611–612, to determine whether a pool of spare parts for electronics was exempt from taxation. The court in *Amdahl* noted that issues concerning the meaning and effect of exemption statutes are generally reviewed de novo. (*Id.* at p. 611.)

In this case, Thornberry alleged that County had applied an improper legal understanding of the term "active solar system" to exclude certain structures known as solar canopies either because those structures had a theoretical alternative use or because they included a roof. Although County had made several factual determinations regarding the nature of the structures erected by Thornberry, those factual determinations still had to be applied to the proper definition of active solar system to result in the properties being taxable under the law. A challenge to the definition is thus a legal question in the same way challenges to the meaning of income derived in large part from enterprise activity or business inventories were in the cases discussed above. The trial court therefore correctly considered Thornberry's challenge as a matter of law, subject to de novo review.

As noted above, County has limited its arguments on appeal to whether the trial court correctly utilized a de novo standard of review to determine what constitutes an active solar system. Although the legal basis for de novo review was raised in Thornberry's responsive brief, County's roughly one-page reply brief merely reiterates

7.

the claim that this is only a factual issue. It is well settled that issues either not raised before the trial court or not raised and supported with legal analysis and citation to authority on appeal are forfeited. (See *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823, 827–829 [collecting cases].) Accordingly, as noted above, this court has not been asked to consider the proper definition of active solar systems with respect to structures used to support the solar panels, the trial court's failure to provide a clear definition of the term below, or whether Thornberry's purchase of a prefabricated structure that would normally be independently taxable can be held, as a matter of law, to be part of an active solar system. This court's opinion takes no position on these issues.

### *This Court Lacks Jurisdiction to Review the Attorney Fee Award*

County contends in its opening brief that Thornberry was not entitled to an award of attorney fees under Code of Civil Procedure section 1021.5. Thornberry notes in his response that the order granting fees issued after County appealed on the merits and County did not file a separate notice of appeal from that order. Thornberry contends this failure to file a notice of appeal divests this court of jurisdiction to resolve the issue. County does not challenge this claim in its reply.

" 'An appellate court has no jurisdiction to review an award of attorney fees made after entry of the judgment, unless the order is separately appealed.' " (*Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171.) " 'When a party wishes to challenge both a final judgment and a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' " (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) However, when a judgment awards attorney fees and costs to a prevailing party but leaves the amount of the award for later determination, a separate appeal from the postjudgment award is unnecessary as "the notice of appeal subsumes any later order setting the amounts of the award." (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998.)

The notice of entry of judgment relating to the court requiring a refund of Thornberry's taxes issued on March 22, 2024, and did not contain any reference to attorney fees.  On April 30, 2024, County filed its notice of appeal from that judgment.  The trial court did not award fees until an order dated May 15, 2024.  County has not identified a point when it independently appealed that order.  This court therefore lacks jurisdiction over an appeal of the attorney fee award.

**DISPOSITION**

The judgment is affirmed.

Costs are awarded to respondent.

HILL, P. J.

WE CONCUR:


SNAUFFER, J.


GUERRA, J.*

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9.