[No. A067106. First Dist., Div. Four. Aug. 4, 1995.]

DEXTER L. HOMAN, Petitioner, v.
JAMES GOMEZ, as Director, etc., et al., Respondents.

598

**COUNSEL**

Dexter L. Homan, in pro. per., for Petitioner.

Daniel E. Lungren, Attorney General, Kenneth C. Young, Assistant Attorney General, Morris lenk and Robert R. Granucci, Deputy Attorneys General, for Respondents.

OPINION

## ANDERSON, P. J.—

Petitioner Dexter L. Homan asks this court to declare unconstitutional a provision of the state Budget Act which excludes persons convicted of certain sex crimes from receiving family visits in prison. We agree with petitioner that the provision violates the California Constitution's "single subject" rule and direct respondent James Gomez, as Director of the California Department of Corrections, to refrain from enforcing the unconstitutional provision.[1]

## BACKGROUND

In 1983 petitioner pled guilty to 11 sex offenses against children including several violations of Penal Code section 288; he was sentenced to 35 years and 4 months in prison. According to the undisputed allegations of the petition, petitioner while in prison has continuously worked in a full-time assignment (privilege group Al-A) qualifying him for family visits pursuant to title 15, California Code of Regulations, section 3044, subdivision (d)(3)(A).[2] Under this provision, petitioner visited with his parents. As with all prisoners, he is subject to restrictions on visits from persons under 18 (id. at § 3174, subd. (c)) and, because of his offenses, he is subject to additional restrictions involving visits from child victims (id. at § 3170.5). In July 1994, petitioner learned that a confirmed scheduled visit had been canceled because of the budget provision he challenges. He applied for a new family visit. Approval was denied with a citation to the Department of Corrections Administrative Bulletin No. 94/10.

The budget provision at issue provides: "Notwithstanding any other provision of law or departmental policy, the Department of Corrections may not use any funds appropriated in this act [the Budget Act of 1994] for the support of any *unsupervised* visits for any inmate who has been convicted of violating Section 288, 288.5 or 289 of the Penal Code." (Stats. 1994, ch. 139, item 5240-001-001, provision 10, italics added.) Department of Corrections Administrative Bulletin No. 94/10 (amended) provides in part: "For the

---

[1] In addition to James Gomez, Director of the California Department of Corrections, petitioner has named Pete Wilson, Governor of California, and Dean Andal, State Assemblyman, as respondents. Our writ is directed solely to the Director of the California Department of Corrections.

[2] In 1994 this section provided in relevant part: "(3) Privileges for Privilege Group A are as follows: (A) Family visits limited only by the institution/facility resources or security policy." (Cal. Code Regs., tit. 15, § 3044, subd. (d)(3)(A).)

purpose of ensuring compliance with this measure, *unsupervised visits* are to be defined as inmate participation in the Family Visiting Program. [¶] Effective immediately, each institution is to disallow inmates who have been convicted of violating Penal Code Section 288, 288.5, 289 to participate in Family Visiting. The Budget Act of 1994 does not distinguish this limitation to an inmate's current incarceration offense. Therefore, *any* conviction for one of these Penal Code Sections in the inmate's history would preclude them [*sic*] from family visiting privileges." (Italics and emphasis in original.)

## DISCUSSION

■ Petitioner contends that the budget rider he attacks is unconstitutional because it violates the single subject rule prohibited by California Constitution, article IV, section 9, which provides in relevant part: "A statute shall embrace but one subject, which shall be expressed in its title. If a statute embraces a subject not expressed in its title, only the part not expressed is void. . . ."[3] ■ The single subject rule essentially requires that a statute have only one subject matter and that the subject be clearly expressed in the statute's title. The rule's primary purpose is to prevent 'log-rolling' in the enactment of laws. This disfavored practice occurs when a provision unrelated to a bill's main subject matter and title is included in it with the hope that the provision will remain unnoticed and unchallenged. By invalidating these unrelated clauses, the single subject rule prevents the passage of laws that otherwise might not have passed had the legislative mind been directed to them. (*Planned Parenthood Affiliates* v. *Swoap* (1985) 173 Cal.App.3d 1187, 1196 [219 Cal.Rptr. 664].)[4]

■ Petitioner relies heavily on *Planned Parenthood* which held invalid, as a violation of the single subject rule, a rider (§ 33.35) added to the Budget Act of 1985-1986 which contained "restrictive language regarding the use of family planning funds for organizations providing abortion-related services." (*Planned Parenthood Affiliates* v. *Swoap, supra,* 173 Cal.App.3d at p. 1191.) As explained by the Supreme Court in *Harbor* v. *Deukmejian* (1987) 43 Cal.3d 1078, 1101, footnote 23 [240 Cal.Rptr. 569, 742 P.2d 1290]: "The court [in *Planned Parenthood*] reasoned that the Budget Act, like other statutes, must comply with the single subject rule, and that since the purpose of the budget bill is to itemize recommended expenditures, the addition of a

---

[3]We note that the failure to include "family visits by prisoners" in the title to "The Budget Act of 1994" is not asserted as a ground for rendering the provision void.

[4]Petitioner asserts that the author of the budget restriction at issue here had submitted four bills to restrict family visits in the preceding six months of the legislative session and all bills had been defeated. While respondents do not regard this as relevant, they do not dispute the assertion.

rider containing a substantive provision of law was violative of the rule." The *Planned Parenthood* court held that this restriction on the use of family planning funds was a substantive amendment to the Family Planning Act (Welf. & Inst. Code, § 14500 et seq.), which through its regulations provided for state-funded abortions: "Section 33.35, construed objectively does not simply clarify the family planning act; quite the contrary, its prohibition on the granting of family planning funds 'to any group, clinic, or organization which performs, promotes, or advertises abortions' is a manifest restriction of activities authorized under the family planning act." (*Planned Parenthood Affiliates* v. *Swoap*, *supra*, 173 Cal.App.3d at p. 1201.)

Petitioner's reliance on *Planned Parenthood* is well placed, and respondents' attempt to distinguish the case is unpersuasive. Respondents argue that family visits are a privilege, not a right, and that no statute gives prisoners the *right* to family visits. While it is true that *family visiting* is not specifically provided by any statute,[5] it is established by regulation: "Valid administrative regulations have the force and effect of law." (*Mission Ins. Group, Inc.* v. *Merco Construction Engineers, Inc.* (1983) 147 Cal.App.3d 1059, 1069 [195 Cal.Rptr. 781]; see also *Atkins* v. *Rivera* (1986) 477 U.S. 154, 162 [91 L.Ed.2d 131, 140, 106 S.Ct. 2456] [administrative regulations held entitled to legislative effect].) The budget restriction at issue here amends the regulations which provide for family leave for all qualified prisoners "limited only by the institution/facility resources or security policy." (Cal. Code Regs., tit. 15, § 3044, subd. (d)(3)(A).) Thus, the budget rider effects a substantive change in the law and, as such, violates our Constitution.

Respondents cite *In re Cummings* (1992) 30 Cal.3d 870, 873 [180 Cal.Rptr. 826, 640 P.2d 1101, 29 A.L.R.4th 1207], for the proposition that a prisoner does not have a substantive right to family visiting. In that case, the Supreme Court upheld a regulation which limited overnight visitation with eligible inmates to persons to whom the inmate was related by blood, marriage or adoption. The court held that the regulation was reasonable. In doing so, the court remarked: "If, as is clear, prison officials may ban overnight visits with inmates altogether, then certainly they may limit those visits to persons with whom the inmate has a bona fide relationship established through blood, marriage or adoption." (*Id.* at p. 873.) This reasoning

---

[5]Penal Code section 2601 provides in relevant part: "Subject only to the provisions of that section, each person described in Section 2600 shall have the following civil rights: [¶] . . . [¶] (d) To have *personal visits*. However, the department may provide any restrictions that are necessary for the reasonable security of the institution." Penal Code section 2600 provides: "A person sentenced to imprisonment in a state prison may, during that period of confinement be deprived of such rights, and only such rights, as is reasonably related to legitimate penological interests." (Italics added.)

might be relevant to an argument involving the amendment of regulations by the Department of Corrections following the relevant procedures of the Government Code. (Gov. Code, § 11340 et seq.) However, it is not relevant to whether the budget rider violated the single subject rule.

Because we agree that the budget restriction violates the single subject rule, we do not discuss petitioner's other constitutional arguments.

Let a peremptory writ of mandate issue directing James Gomez, as Director of the Department of Corrections, to refrain from enforcing the unconstitutional provision of the Budget Act of 1994 herein challenged.

Poché, J., and Perley, J., concurred.