[No. C041189. Third Dist. Aug. 29, 2003.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants,
v.
CALIFORNIA COMMISSION ON TEACHER CREDENTIALING et al.,
Defendants and Respondents.

1002

## Counsel

Rothschild, Wishek & Sands and Michael Rothschild for Plaintiffs and Appellants.

Bill Lockyer, Attorney General, Frank S. Furtek and Janie L. Daigle, Deputy Attorneys General, for Defendants and Respondents.

## Opinion

**MORRISON, J.**—The *California Commission on Teacher Credentialing and the Committee on Credentials* opened an investigation into allegations of misconduct against credentialed teacher Bobby Cross. When Cross requested discovery of materials relating to the investigation, he received copies of the documents in his file, except that all identifying information, other than names, of those making the allegations and of witnesses were redacted. Cross and the California Teachers Association (CTA) petitioned for a writ of mandate to compel disclosure of the addresses and other identifying information. The trial court denied the petition and Cross and the CTA appeal. We conclude Cross is not entitled to receive the information he seeks and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 2001, the Commission on Teacher Credentialing (COTC) sent Cross a letter informing him of a preliminary investigation of his fitness to hold a credential. Included with the letter was a copy of an affidavit signed by K.B., a former student, alleging Cross had sexually harassed him. Cross requested discovery of all writings in his file, except those that were privileged.

In July 2001, the COTC again wrote Cross informing him that it was in receipt of information requiring an investigation of his fitness to hold a credential. Included with this letter were two affidavits from former students alleging Cross had sexually abused them. Cross again requested discovery of all writings in his file. Cross specifically requested COTC's correspondence in soliciting these affidavits. The COTC provided the letters, but the addresses of those signing the affidavits were redacted. The COTC later confirmed it would not provide the addresses. The COTC also provided Cross with witness lists from a police report; again the addresses and certain other identifying information were redacted.

The two matters were consolidated.

In September 2001, the Committee on Credentials (the Committee) informed Cross it would consider information in a confidential investigative

report at its November meeting. The confidential investigative report summarized the affidavits and the police investigation. The criminal case was closed due to lack of evidence. The school district had begun proceedings to terminate Cross, but dismissed the action after K.B. moved away. A polygraph examiner found that Cross passed the test, indicating he did not make sexually explicit comments to K.B. and did not suggest sexual relations. A psychological report found Cross was not seeking sexual gratification but acted out of a sincere desire to be energetically involved in his job. Cross admitted he made mistakes as to K.B. and vehemently denied the other allegations of sexual misconduct. Cross provided 55 letters of support.

Cross and the CTA petitioned for a writ of mandate commanding the COTC and the Committee not to hold the meeting to review the confidential investigative report until full materials, without redaction, were provided to Cross in conformity with Education Code section 44244 and California Code of Regulations, title 5, section 80307 (regulation 80307). The petition alleged that since early 2001 COTC and the Committee have deleted addresses and sometimes names of witnesses. In an unrelated matter, the Division of Professional Practices claimed the redaction was pursuant to the Information Practices Act of 1977 (IPA) (Civ. Code, § 1798 et seq.). The petition argued neither Education Code section 44244 nor regulation 80307 provided for redaction and due process required that names and addresses in general and the addresses of the complaining parties in particular be provided to a teacher under investigation.

The trial court granted a stay of all proceedings and actions relating to Cross's teaching credential.

The COTC and the Committee admitted identifying information was redacted in documents provided to Cross. They argued neither statute nor due process required disclosure; the information was protected by privacy statutes and disclosure must be consistent with the IPA; and public policy dictated no disclosure.

The trial court ruled Cross had no right to the addresses. To the extent that regulation 80307 expands the disclosure required under Education Code section 44244, the court declared it invalid.

Cross and the CTA moved for a new trial and for a stay pending appeal. Both motions were denied.

## DISCUSSION

### I

To better understand the issues involved, it is helpful to summarize the procedure for investigating complaints of misconduct against credentialed teachers. The COTC establishes the professional standards for obtaining teaching credentials in California. (Ed. Code, § 44225; all further unspecified section references are to this code.) It reviews and revises the code of ethics for teaching professionals. (§ 44225, subd. (c).) The COTC also has the responsibility to take adverse action as to any credential; the COTC may privately admonish or publicly reprove the credential holder, or revoke or suspend a credential for immoral or unprofessional conduct. (§ 44421.) The COTC appoints a seven-member committee to investigate allegations of misconduct against those who hold a teaching credential. (§§ 44240, 44242.5, subd. (e).)

If the Committee receives information about a credential holder, the Committee may conduct a preliminary review. At the conclusion of this review, the Committee may either end the review or instruct staff to set the matter for an initial review. (Cal. Code Regs., tit. 5, § 80308.)

The Committee has jurisdiction to begin an initial review upon receipt of any of the following: (1) official records from the Department of Justice or any law enforcement agency; (2) an affidavit or declaration signed by a person with personal knowledge of the allegations of misconduct; (3) a statement from an employer that the credential holder has been dismissed, suspended for more than 10 days, or placed on administrative leave due to allegations of misconduct; (4) a notice from an employer that a complaint was filed with the school district alleging misconduct by a credential holder; (5) a notice from a school district, employer, public agency, or testing administrator of specified violations of the Education Code; or (6) an affirmative response on an application question relating to conviction, adverse action, or denial of a license, or a pending investigation. (§ 44242.5, subd. (b).)

The initial review commences when a credential holder is notified that his fitness to hold a credential is under review. (§ 44242.5, subd. (c); Cal. Code Regs., tit. 5, § 80307.1.) During this time, "[t]he portions of the investigation of the original or supplemental allegations that constitute the basis for the allegations shall be open to inspection and copying by the holder or applicant and his or her attorney." (§ 44244, subd. (a).) The COTC has authority to propose appropriate implementing rules and regulations. (§ 44225, subd. (q).) The COTC's regulation on discovery provides in part: "All writings as

defined by California Evidence Code section 250 which are included in the applicant's or holder's file including writings which form the basis for the allegations, with the exception of privileged information, shall be subject to discovery by the applicant or holder following commencement of an investigation." (Cal. Code Regs., tit. 5, § 80307, subd. (a).) The credential holder or applicant is given a reasonable opportunity to provide written information to the Committee prior to its meeting. (*Id.*, § 80309.1.) The Committee's staff provides a confidential investigative report. (*Id.*, § 80309.1, subd. (d).)

No later than six months after the initial review commences, a formal review is held. At the formal review the Committee determines either that no adverse action should be taken or the allegations are sufficient to cause the credential holder to be subject to adverse action. (§ 44244, subd. (b).) At the formal review, the credential holder may request to appear and respond under oath to questions from the Committee. (Cal. Code Regs., tit. 5, § 80311.) Any person the Committee determines to be a material witness may appear to provide testimony and is subject to examination for rebuttal evidence. (*Id.*, § 80313, subd. (a).) The Committee has sole discretion in calling and scheduling witnesses. (*Id.*, § 80313, subds. (b) & (c).)

The Committee makes a probable cause determination at the formal review. If there is no probable cause, the investigation is terminated. If there is probable cause, the credential holder may request an adjudicatory hearing pursuant to the provisions of the Administrative Procedure Act. (§ 44242.5, subd. (c).) The Committee reports to the COTC its findings as to probable cause and its recommendation as to the appropriate adverse action. (§ 44242.5, subd. (e)(1).) The Committee must send its recommendation to the credential holder within 14 days. (§ 44244, subd. (d).) The COTC may adopt the recommendation of the Committee without further proceedings if the credential holder fails to request an administrative hearing. (§ 44244.1.)

If the credential holder appeals from the Committee's recommendation, the COTC files an accusation or statement of issues. (§ 44242.5, subd. (c)(3)(B).) The administrative adjudication as to the credential is subject to the rules and procedures of the Administrative Procedure Act. (Gov. Code, § 11501, subd. (b).)

The investigatory stage is confidential. All hearings and deliberations of the COTC and the Committee to consider an adverse action shall be closed sessions. (§ 44245.) The findings of the Committee are confidential and disclosure is limited to school district personnel in a direct supervisory capacity to the person investigated. (§ 44242.5, subd. (e)(2).) The findings shall not contain any information revealing the identity of persons other than

the person being investigated. (§ 44242.5, subd. (e)(3).) Unauthorized disclosure of information received at a meeting or hearing of the COTC or the Committee or through the investigation is a misdemeanor. (§ 44248.)

## II

Cross and CTA contend the statutory mandate is clear: a credential holder under investigation is entitled to copies of all writings in his file, unless privileged, without redaction.[1] Under the provisions of the Education Code, the entitlement to discovery is not so broad. ■ Section 44244, subdivision (a) requires only the "portions of the investigation of the original or supplemental allegations that constitute the basis for the allegations shall be open to inspection or copying ...." As the COTC and the Committee persuasively assert, the addresses of the complainants do not "constitute the basis for the allegations." Cross is fully able to understand the basis of the allegations without the addresses and any change in the addresses will not change the basis of the allegations.

The COTC, in accordance with its statutory authorization (§ 44225, subd. (q)), issued implementing regulations. The regulation addressing discovery during the investigation phase is regulation 80307. It provides: "All writings as defined by California Evidence Code section 250 which are included in the applicant's or holder's file including writings which form the basis for the allegations, with the exception of privileged information, shall be subject to discovery by the applicant or holder following commencement of an investigation." (Reg. 80307, subd. (a).) The addresses of complainants and witnesses, contained in correspondence and police reports, are writings in Cross's file.

■ A regulation adopted by an administrative agency pursuant to its delegated rulemaking authority has the force and effect of law. (*Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 401 [128 Cal.Rptr. 183, 546 P.2d 687]; *In re Lomax* (1998) 66 Cal.App.4th 639, 643 [78 Cal.Rptr.2d 220]; *Homan v. Gomez* (1995) 37 Cal.App.4th 597, 601 [43 Cal.Rptr.2d 647].) "[R]egulations validly prescribed by a government administrator are binding upon him as well as the citizen, ..." (*Service v. Dulles* (1957) 354 U.S. 363, 372 [1 L.Ed.2d 1403, 1410, 77 S.Ct. 1152].) The COTC is thus bound by the provisions of its regulation 80307, unless there is a legal reason why regulation 80307 cannot be implemented as broadly as its terms indicate.

Below the COTC and the Committee argued redaction of addresses and other personal identifying information was necessary to comply with the IPA.

---

[1] There is no claim that any privileged information is involved in this case.

In adopting the IPA, the Legislature declared the right to privacy to be personal and fundamental and found the right was threatened by the indiscriminate collection, maintenance, and dissemination of personal information. (Civ. Code, § 1798.1.)

■ Under the IPA, personal information is defined to include names and addresses (Civ. Code, § 1798.3, subd. (a)), and disclosure of personal information by a state agency is limited. "No agency may disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains" except in specified situations. (Civ. Code, § 1798.24.) Two of the specified situations may be applicable here. The first is with the prior voluntary written consent of the person to whom the information pertains. (Civ. Code, § 1798.24, subd. (b).) If those submitting affidavits voluntarily consented in writing to disclosure, the IPA would not prohibit the disclosure of addresses and other identifying information. There is, however, no indication in the record whether those providing the COTC with affidavits gave voluntary written consent to the disclosure of the information.

A second situation where disclosure is permitted is "To a person, or to another agency where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with Section 1798.25. With respect to information transferred from a law enforcement or regulatory agency, or information transferred to another law enforcement or regulatory agency, a use is compatible if the use of the information requested is needed in an investigation of unlawful activity under the jurisdiction of the requesting agency or for licensing, certification, or regulatory purposes by that agency." (Civ. Code, § 1798.24, subd. (e).) This provision would permit the disclosure of names when they constitute the basis of the allegations, as such disclosure is necessary for the COTC and the Commission to carry out their statutory duties under section 44244; it is needed for the licensing, certification, or regulatory purposes of the COTC. But where, as here, the addresses do not constitute the basis of the allegations, the IPA would appear to prohibit disclosure as the disclosure is not "needed" for the licensing, certification or regulatory purposes of the agency. (Civ. Code, § 1798.24, subd. (e).)

■ The IPA specifically provides for redaction of information to avoid a prohibited disclosure. (Civ. Code, § 1798.42.) "In disclosing information contained in a record to an individual, an agency shall not disclose any personal information relating to another individual which may be contained in the record. To comply with this section, an agency shall, in disclosing

information, delete from disclosure such information as may be necessary." (*Ibid.*) This provision provides authorization for the redaction that occurred here.

Cross and CTA contend the IPA does not apply. First, they argue that the COTC and the Committee did not believe the IPA applied because they did not comply with the internal control requirements of the IPA. ▮ The IPA requires each agency to "establish rules of conduct" for those who design, develop, operate, disclose or maintain records containing personal information. (Civ. Code, § 1798.20.) Further, agencies are to "establish appropriate and reasonable administrative, technical, and physical safeguards to ensure compliance ...." (Civ. Code, § 1798.21.) While the COTC has not adopted regulations regarding the procedures to be followed in implementing the IPA, it has adopted a privacy policy and taken certain steps to comply with the IPA. In any event, whether the IPA applies is determined by its provisions, not by whether an agency believes it does.

Cross and CTA further contend the IPA does not apply based on the provisions of Civil Code sections 1798.71 and 1798.76. Civil Code section 1798.71 provides: "This chapter shall not be deemed to abridge or limit the rights of litigants, including parties to administrative proceedings, under the laws, or case law, of discovery of this state." Significantly, this provision does not say that the IPA is not applicable to administrative proceedings, only that the IPA shall not be deemed to abridge or limit the rights under discovery law of parties to administrative proceedings.[2] Civil Code section 1798.76 provides: "Nothing in this chapter shall be construed to invoke, modify, or alter in any manner any statutory provision or any judicial decision which (a) authorizes an individual to gain access to any law enforcement record, or (b) authorizes discovery in criminal or civil litigation." This section, unlike Civil Code section 1798.71, does not by its terms apply to administrative proceedings, only litigation. Further, it applies only to statutory provisions, not regulations.

The question, then, is whether regulation 80307 must be limited so that any disclosure beyond the basis for the allegations complies with the IPA. ▮ A regulation is not valid or effective unless it is consistent with and not

---

[2] Below the COTC and the Committee argued that the investigative phase was not an "administrative proceeding" because no testimony was compelled, relying on the definition of an administrative proceeding (Evid. Code, § 901) for purposes of privileges under the Evidence Code. We find that definition is inapplicable here. First, that definition is limited to the law of privileges. (Evid. Code, § 900.) Second, the investigatory phase has been considered an integral part of an administration proceeding. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1436–1437 [246 Cal.Rptr. 609].) Third, because section 44244 explicitly provides for discovery during the investigative stage, the protection for discovery afforded by Civil Code section 1798.71 is pertinent.

in conflict with the enabling statute and the regulation is reasonably necessary to effectuate the purpose of the statute. (Gov. Code, § 11342.2.) A regulation conflicts with the statute if it would " 'alter or amend the [governing] statutes or enlarge or restrict the agency's statutory power.' " (*City of San Jose v. Department of Health Services* (1998) 66 Cal.App.4th 35, 42 [77 Cal.Rptr.2d 609].) Regulation 80307, while broader than section 44244, does not conflict with it. It does not enlarge agency power or the scope of the matter under government regulation. Regulation 80307 does, however, conflict with the IPA; it permits, indeed requires, disclosure of personal information in a credential holder's file that is not necessary to carry out the COTC's and Committee's duties under the Education Code. To the extent a regulation conflicts with a statute, it is well settled that the statute controls. (*Kerollis v. Department of Motor Vehicles* (1999) 75 Cal.App.4th 1299, 1308 [89 Cal.Rptr.2d 826].)

Discovery under section 44244 does not conflict with the IPA as the discovery of the basis of the allegations is consistent with permitted disclosure under Civil Code section 1798.24, subdivision (e). The IPA thus does not limit or abridge the rights to discovery. (Civ. Code, § 1798.71.) Regulation 80307, however, expands discovery beyond the statutory requirement of section 44244. A regulation must be reasonably necessary to effectuate the purpose of the enabling statute. (Gov. Code, § 11342.2.) ■ The broad discovery provided for in regulation 80307 is beyond that reasonably necessary to implement section 44244 and the other provisions of the Education Code relating to an investigation into fitness to hold a teaching credential, and it conflicts with the IPA. To the extent that regulation 80307 requires the disclosure of addresses or other personal identifying information of third parties that does not constitute the basis of the allegations, without the prior written consent of the person as prescribed in Civil Code section 1798.24, subdivision (b), it is invalid. The invalid portion of regulation 80307 cannot be severed. (See *Pulaski v. Occupational Safety & Health Stds. Bd.* (1999) 75 Cal.App.4th 1315, 1341–1342 [90 Cal.Rptr.2d 54].) Because this court cannot rewrite the regulation, it must be declared invalid in its entirety. (*Vogel v. County of Los Angeles* (1967) 68 Cal.2d 18, 26 [64 Cal.Rptr. 409, 434 P.2d 961].)

Cross and CTA contend that the COTC's interpretation of regulation 80307 is an improper home rule or underground regulation because that interpretation was not adopted as a regulation in accordance with the Administrative Procedures Act. Government Code section 11342.600, subdivision (g) defines a regulation as "every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure."

A practice of disclosing only that which is required by section 44244 and not disclosing that which is prohibited by the IPA, does not "implement, interpret, or make specific the law"; it simply follows the statutory law. No regulation is required.

## III

Cross and CTA contend that because the formal review may·end the investigation and avoid the necessity of a full administrative hearing, either by a decision to terminate the investigation or by recommending an adverse action that the credential holder decides to accept, due process requires full discovery. They contend the addresses of those making complaints and of witnesses must be known so that the due process is meaningful and permits effective cross-examination to bring out the truth.

Part of this argument is that full discovery is necessary to permit a full investigation that will result in avoiding unnecessary administrative hearings. Only after conducting a full investigation will the teacher know whether to accept or challenge the recommendation of the Committee. This policy argument is best directed at the Legislature, which sets the policy in this area.

Cross and CTA provide no authority for the proposition that full discovery is required by due process in the investigatory stage of an administrative proceeding. "Generally, there is no due process right to prehearing discovery in administrative hearing cases, ... The scope of discovery in administrative hearings is governed by statute and the agency's discretion. [Citations.]" (*Cimarusti v. Superior Court* (2000) 79 Cal.App.4th 799, 808–809 [94 Cal.Rptr.2d 336].) Cross has received the discovery mandated by statute; he received the discovery mandated by section 44244.

Cross and CTA contend the addresses are necessary to permit effective cross-examination, but they have no right to cross-examination at the investigatory stage. ■ Whether witnesses will be called and examined at the formal hearing lies solely within the discretion of the Committee. (Cal. Code Regs., tit. 5, § 80313.)

■ In summary, Cross has no right, under either section 44244 or due process, to the addresses he seeks. Regulation 80307, that purports to give him the right to such addresses because they are writings in his file, is invalid because its scope exceeds that necessary to effectuate the purpose of section 44244 and related provisions of the Education Code and because it conflicts with the IPA.

## DISPOSITION

The judgment is affirmed.

Nicholson, Acting P. J., and Hull, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 25, 2003. Brown, J. did not participate therein.