Filed 10/19/22

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| KATHY LITTLE et al., | C092001 |
| Plaintiffs and Respondents, | (Super. Ct. No. 34201980003254CUWMGDS) |
| v. | |
| COMMISSION ON TEACHER CREDENTIALING et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Sacramento County, James P. Arguelles, Judge. Affirmed.

Rob Bonta, Attorney General, Carl W. Sonne, Senior Assistant Attorney General, Andrew M. Steinheimer and Kevin W. Bell, Deputy Attorneys General, for Defendants and Appellants.

Rothschild Wishek & Sands, Michael Rothschild for Plaintiffs and Respondents.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts A and B of the Discussion section (section II).

1

The California Commission on Teacher Credentialing (Commission) and the Committee of Credentials of the Commission on Teacher Credentialing (Committee) appeal from a judgment and peremptory writ of prohibition directing them to discontinue certain investigative proceedings against present and former public school administrators Kathy Little, Simone Kovats, and Debra Sather (together, the administrators). The Commission and Committee argue the trial court erred in ruling the administrators were excused from exhausting administrative remedies and misinterpreted Education Code section 44242.5, which defines the scope of the Committee's jurisdiction.[1] Finding no error, we will affirm.

## I. BACKGROUND

### A. *The Parties and Relevant Nonparties*

The Commission establishes the professional standards for obtaining teaching credentials in California. (§ 44225.) The Commission is also authorized to take adverse action against credential holders. (§ 44421.) The Commission may privately admonish or publicly reprove a credential holder, or revoke or suspend a credential holder for immoral or unprofessional conduct or persistent defiance of the laws regulating the duties of persons serving in the public school system, or for any cause that would have warranted the denial of an application for a credential or the renewal thereof. (*Ibid.*)

The Commission appoints the Committee, an investigatory arm comprised of seven members (two full-time classroom teachers from public schools, one administrative employee from a public school, one member of the governing board of a school district, and three members of the public). (§ 44240.) The Committee is charged with investigating allegations of misconduct by credential holders. (§ 44242.5, subd. (e).)

---

[1] Undesignated statutory references are to the Education Code.

2

The administrators are credential holders currently or formerly employed by the Palm Springs Unified School District (District) in administrative or supervisory capacities. The Committee commenced an initial review of the administrators' fitness to continue as credential holders in 2019. We are concerned here with the Committee's jurisdiction to undertake that initial review.

Nonparty John Villani was a special education teacher employed by the District between 2011 and 2014. Villani sued the District in Riverside County Superior Court in 2016. Villani's lawsuit alleged the District unlawfully retaliated against him after he reported that a teacher-aide, David Yoder, was "grooming" and paying inappropriate attention to some of the minor students in his care. Yoder was subsequently charged and convicted of several felony sex offenses against minors, including an offense against one of the aforementioned students. As relevant here, Villani's lawsuit also alleged the administrators ignored his concerns about Yoder. These allegations would soon catch the attention of the Commission.

B.      *The Investigation*

The Commission learned about Villani's lawsuit from a news article. An investigator contacted Villani to request an interview. The investigator also asked that Villani provide copies of his complaint and other court filings, and declarations describing the administrators' alleged failure to investigate Yoder. Villani met with the investigator and provided the requested materials.

The Commission informed the administrators that their credentials were under investigation by letters dated September 6, 2019. The Commission explained that the investigation was focused on the administrators' alleged failure to act on Villani's concerns about Yoder. The Commission invited the administrators to submit written materials for the Committee's consideration at meetings scheduled for November 13 through November 15, 2019.

3

The administrators responded by letter from their counsel herein. The administrators objected to the manner in which the Commission had obtained documents and information from Villani and argued the Committee had not established jurisdiction to review their credentials. The administrators demanded the Commission cease the investigation and the Committee drop the scheduled meetings. The Commission and Committee declined to do so.

C.     *The Trial Court Proceedings*

The administrators filed a petition for writ of mandate or prohibition and order to show cause regarding contempt on October 25, 2019. The petition alleged the Commission and Committee exceeded their jurisdiction by commencing an internal review based on the news article concerning Villani's lawsuit. The petition also alleged the Commission violated a declaratory judgment and order issued in *Hewitt v. Commission on Teacher Credentialing,* Superior Court Sacramento, 1999, No. 98CS01418 (*Hewitt*).[2] The petition saught an alternative writ of prohibition and peremptory writ restraining the Commission and Committee from investigating the administrators, and an order to show cause why the Commission should not be found in contempt due to the alleged violation of the *Hewitt* order. The administrators also filed an ex parte application for a temporary restraining order to stop the investigation.

The trial court held a hearing on the application for a temporary restraining order on November 5, 2019. During the hearing, the trial court indicated that the Commission had exceeded its jurisdiction by requesting records from Villani, but could still properly establish jurisdiction by requesting some of the same records from the Riverside County Superior Court. The trial court explained: "It seems kind of like a futile or an idle act but

_____

[2] Although the parties spend considerable time on *Hewitt,* the judgment and order in *Hewitt* played no part in the trial court's statutory analysis and would not be binding on us in any case.

4

I think, technically, it all comes down to you need to cross all the T's and dot all the I's." The trial court entered a temporary restraining order and preliminary injunction suspending the investigation.[3]

The trial court subsequently entered a peremptory writ barring the Commission and Committee from proceeding with any investigation or review based on records obtained directly from Villani. The trial court denied the request for an order to show cause regarding contempt.

The Commission and Committee filed a timely notice of appeal.

## II. DISCUSSION

### A.    *Standard of Review*

This appeal raises two overarching issues. First, we must decide whether the administrators were required to exhaust administrative remedies before filing the petition. Second, we must decide whether the Commission and Committee exceeded their jurisdiction in reaching out to Villani. Both issues present questions of law subject to de novo review. (*Sierra Club v. City of Orange* (2008) 163 Cal.App.4th 523, 536 ["An appellate court employs a de novo standard of review when determining whether the exhaustion of remedies doctrine applies"]; *Farahani v. San Diego Community College Dist.* (2009) 175 Cal.App.4th 1486, 1491 ["The interpretation of a statute is a legal issue subject to de novo review"].) In reviewing questions of law, we are not bound by the trial court's stated reasons or rationales. (*Kaiser Foundation Hospitals v. Superior Court* (2005) 128 Cal.App.4th 85, 107.) We review the trial court's ruling, not its rationale. (*Scott v. Common Council* (1996) 44 Cal.App.4th 684, 689.)

---

[3] The Commission and Committee evidently obtained records from the Riverside County Superior Court the next day and issued a second letter notifying the administrators that their credentials were under investigation. They then obtained another set of identical declarations from Villani. These investigative activities are not currently before us.

5

*B.      Exhaustion of Administrative Remedies*

The Commission and Committee argue the trial court should have denied the petition for failure to exhaust administrative remedies.  The administrators respond that the exhaustion doctrine does not apply, because the Commission and Committee had only commenced an initial review, and not formal administrative proceedings, when they filed the petition.  (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 543 [holding that "an investigation is not the equivalent of a formal accusation compelling [the plaintiff] to seek relief from the administrative body before recourse to the courts"]; see also *Jacobs v. State Board of Optometry* (1978) 81 Cal.App.3d 1022, 1029 ["The mere possession by some official body, such as the board, of a 'continuing supervisory or investigatory power' does not itself suffice to afford an administrative remedy.  There must be 'clearly defined machinery' for the submission, evaluation and resolution of complaints by aggrieved parties"].)  We assume without deciding that the doctrine applies and conclude that the administrators were excused from exhausting administrative remedies.

"In general, a party must exhaust administrative remedies before resorting to the courts."  (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080 (*Coachella Valley*).)  The exhaustion doctrine " 'is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).' "  (*Ibid*.)

The doctrine requiring exhaustion of administrative remedies is subject to numerous exceptions.  (*Public Employment Relations Bd. v. Superior Court* (1993) 13 Cal.App.4th 1816, 1826-1827.)  One such exception arises "when a party claims that 'the agency lacks authority, statutory or otherwise, to resolve the underlying dispute between the parties.' "  (*Coachella Valley, supra,* 35 Cal.4th at pp. 1081-1082.)  This exception

6

does not automatically apply whenever a party challenges an agency's jurisdiction. Rather, "[i]n deciding whether to entertain a claim that an agency lacks jurisdiction before the agency proceedings have run their course, a court considers three factors: the injury or burden that exhaustion will impose, the strength of the legal argument that the agency lacks jurisdiction, and the extent to which administrative expertise may aid in resolving the jurisdictional issue." (*Id.* at p. 1082.)

Applying the *Coachella Valley* factors, we conclude the exhaustion requirement was excused. With respect to the first factor, the trial court opined that exhaustion would impose a "minimal" burden on the administrators, and we do not disagree. (See *Coachella Valley, supra,* 35 Cal.4th at p. 1082 [unusual or irreparable injury not shown by requirement that an individual participate in agency proceedings before seeking judicial resolution of jurisdictional limitations issue].) However, the *Coachella Valley* court explained that the "burden" element can be satisfied, despite an absence of evidence of unusual or irreparable injury, where there is "a significant public interest in obtaining a definitive resolution of [a] fundamental legal question." (*Ibid.*) We perceive a credible argument that the interpretation of section 44242.5 is a matter of significant public interest. Indeed, the Commission and Committee come close to saying as much, arguing that the scope of their powers under section 44242.5 must be clarified so they can carry out their duty to protect schoolchildren. The Commission and Committee also tell us that they "seek a decision on the merits, rather than having this case decided solely on jurisdictional grounds." Under the circumstances, we conclude the first *Coachella Valley* factor weighs in favor of judicial intervention. (*Coachella Valley, supra,* at p. 1082.)

Turning to the second *Coachella Valley* factor, the administrators make "a strong and ultimately persuasive argument" that the Commission and Committee acted in excess of their jurisdiction by reaching out to Villani. (*Coachella Valley, supra,* 35 Cal.4th at p. 1082.) We will discuss the merits of the administrators' argument momentarily. For the

7

time being, it suffices to say that the second factor also weighs in favor of judicial intervention.  (*Id.* at p. 1083.)

As for the third *Coachella Valley* factor, we are satisfied that judicial intervention would not deprive us of the benefit of the Commission and Committee's expertise. (*Coachella Valley, supra,* 35 Cal.4th at p. 1082.)  Although we ordinarily accord deference to an agency's interpretation of governing statutes and implementing regulations, the " 'weight' " of any such deference is "fundamentally *situational*." (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12.)  "An agency's interpretation is entitled to deference if it is long-standing, consistent, and contemporaneous."  (*Kaanaana v. Barrett Bus. Servs., Inc.* (2021) 11 Cal.5th 158, 178.) "A vacillating position warrants no deference."  (*Ibid.*)

The Commission and Committee have not consistently interpreted section 44242.5 or an accompanying regulation, California Code of Regulations, title 5, section 80308, in the manner urged herein.  To the contrary, the Commission has previously articulated interpretations closer to those adopted by the trial court and administrators.[4] Accordingly, we conclude the Commission and Committee's current interpretations are entitled to no deference.  (*Kaanaana v. Barrett Bus. Servs., Inc., supra,* 11 Cal.5th at p. 178.)  We further conclude that the interpretation of section 44242.5 and California Code of Regulations, title 5, section 80308, and their application to the undisputed jurisdictional facts of this case, are pure questions of law, which we are well equipped to resolve.  (*Carmona v. Division of Industrial Safety* (1975) 13 Cal.3d 303, 310.)  As such, the third *Coachella Valley* factor also weighs in favor of judicial intervention.

Considering all the *Coachella Valley* factors, we conclude the administrators were excused from exhausting their administrative remedies, assuming the exhaustion doctrine

---

[4] We will discuss the Commission's previous interpretations of section 44242.5 and California Code of Regulations, title 5, section 80308 in the next part of this opinion.

applies.  (*Coachella Valley, supra,* 35 Cal.4th at pp. 1081-1082.)  Having so concluded, we further conclude that judicial intervention was and is appropriate.[5]

*C.      Jurisdiction*

We come now to the central issue in this case: the scope of the Commission and Committee's power to investigate prior to an initial review.  The trial court determined that the Commission and Committee exceeded their jurisdiction by requesting documents and information directly from Villani.  The Commission and Committee argue the trial court misinterpreted section 44242.5.  They raise a number of arguments to support their broader interpretation of the statute, which would authorize the Commission to "pick up the phone" and contact private citizens prior to commencing an initial review.  As we shall explain, these arguments lack merit.

_____

[5] The Commission and Committee argue in a related vein that the trial court should have denied the petition under the doctrine of judicial restraint.  They draw a connection between the doctrine of judicial restraint, which holds that courts should decide the fewest issues possible in resolving disputes, and Civil Code sections 3532 and 3533.  (See *Morse v. Frederick* (2007) 551 U.S. 393, 431; see also Civ. Code, §§ 3532 ["The law neither does nor requires idle acts"] & 3533 ["The law disregards trifles"].)  Tying these concepts together, the Commission and Committee suggest the trial court should have denied the petition because the court's intervention only succeeded in requiring them to collect records from the Riverside County Superior Court, rather than allowing them to rely on records provided by Villani, and thus compelled them to jump through unnecessary hoops.

The Commission and Committee do not appear to have raised this argument in the trial court.  To the contrary, the Commission and Committee argued they properly obtained records directly from Villani.  We need not consider arguments raised for the first time on appeal.  (Cf. *People ex rel. DuFauchard v. U.S. Financial Management, Inc.* (2009) 169 Cal.App.4th 1502, 1512 [exhaustion requirements not raised in trial court deemed forfeited on appeal].)  Furthermore, even assuming the argument were properly before us, we would reject it.  We cannot say that requiring compliance with section 44242.5 was an idle act or mere trifle.  Nor can we say that the trial court should have refrained from resolving the parties' dispute, particularly inasmuch as the Commission and Committee maintained that they were free to obtain records from Villani.

9

*1. Statutory and Regulatory Background*

Before we begin our analysis, we will briefly review the procedures for investigating complaints against credential holders. Those procedures can be divided into three phases, each with their own requirements and limitations: the preliminary review (Cal. Code Regs., tit. 5, § 80308), the initial review (§ 44242.5, subds. (b)-(c)), and the formal review (§§ 44242.5, subd. (d) & 44244). We will describe each phase in turn.

California Code of Regulations, title 5, section 80308 authorizes the Committee to conduct a preliminary review of information received about a credential holder, subject to limitations discussed *post*. (Cal. Code Regs., tit. 5, § 80308, subd.(a); see also *California Teachers Assn. v. California Commission on Teacher Credentialing* (2003) 111 Cal.App.4th 1001, 1006 (*California Teachers Assn.*).) Following the preliminary review, the Committee "may either determine to end the review or instruct staff to set the matter for initial review at a later meeting." (Cal. Code Regs., tit. 5, § 80308, subd.(a).)

Section 44242.5, subdivision (b) vests the Committee with jurisdiction to commence an initial review "upon receipt" of certain materials. An initial review commences when a credential holder is notified that his or her fitness to hold a credential is under review. (*California Teachers Assn., supra,* 111 Cal.App.4th at p. 1006, citing § 44242.5, subd. (c) and Cal. Code Regs., tit. 5, § 80307.1.) The credential holder must be given a reasonable opportunity to provide written information to the Committee prior to the meeting, and the Committee's staff prepares a confidential investigative report for the Committee's consideration. (*California Teachers Assn., supra,* at p. 1006, citing Cal. Code Regs., tit. 5, § 80309.1, subds. (c)-(d).)

A formal review may be held no more than six months after the commencement of the initial review. (§ 44244, subd. (b)(1).) The credential holder may appear and respond under oath to questions from the Committee, and the Committee may call material witnesses to provide testimony, subject to examination for rebuttal evidence. (Cal. Code Regs., tit. 5, §§ 80311, 80313, subds. (a)-(c); *California Teachers Assn., supra,* 111

10

Cal.App.4th at p. 1007.)  The Committee then makes a probable cause determination. (*California Teachers Assn., supra,* at p. 1007.)  "If there is no probable cause, the investigation is terminated.  If there is probable cause, the credential holder may request an adjudicatory hearing pursuant to the provisions of the Administrative Procedure Act. (§ 44242.5, subd. (c).)"  (*Ibid.*)

The Committee reports its probable cause findings and recommendation with respect to any adverse action to the Commission.  (§ 44242.5, subd. (e)(1); *California Teachers Assn., supra,* 111 Cal.App.4th at p. 1007.)  The Commission may adopt the recommendation of the Committee without further proceedings if the credential holder elects to forego an adjudicatory hearing.  (§ 44244.1; *California Teachers Assn., supra,* at p. 1007.)  If the credential holder appeals from the Committee's recommendation, the Commission files an accusation or statement of issues.  (§ 44242.5, subd. (c)(3)(B); *California Teachers Assn., supra,* at p. 1007.)  The administrative adjudication is subject to the rules and procedures of the Administrative Procedure Act.  (Gov. Code, § 11501, subd. (b); *California Teachers Assn., supra,* at p. 1007.)

*2.      Section 44242.5*

Having reviewed the procedures for investigating complaints against credential holders, we now consider whether the Commission was authorized to contact Villani prior to the commencement of the Committee's initial review.  The answer to this question turns on the interpretation of section 44242.5.  " ' " 'As in any case involving statutory interpretation, our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.' " '  [Citation.]  '[W]e consider the language of the entire scheme and related statutes, harmonizing the terms when possible.' "  (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141; see *People v. Valencia* (2017) 3 Cal.5th 347, 357 [" '[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the

11

same subject must be harmonized, both internally and with each other, to the extent possible' "].)  If the language of the statute is clear and unambiguous, there is no need for judicial construction and our task is at an end.  If the language is reasonably susceptible of more than one meaning, however, we may examine extrinsic aids such as the apparent purpose of the statute, the legislative history, the canons of statutory construction, and public policy.  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838; *People v. Arias* (2008) 45 Cal.4th 169, 177.)

Section 44242.5 contains two subdivisions pertinent to our review:  subdivisions (b) and (f).  Subdivision (b) of section 44242.5 provides that the Committee "has jurisdiction to commence an initial review upon receipt" of any of the following:  (1) official records from the Department of Justice or any law enforcement agency; (2) an affidavit or declaration signed by a person with personal knowledge of the allegations of misconduct; (3) a statement from an employer that the credential holder has been dismissed, suspended for more than 10 days, or placed on administrative leave due to allegations of misconduct; (4) a notice from an employer that a complaint was filed with the school district alleging misconduct by a credential holder; (5) a notice from a school district, employer, public agency, or testing administrator of specified violations of the Education Code; or (6) an affirmative response on an application question relating to conviction, adverse action, or denial of a license, or a pending investigation.  (§ 44242.5, subd. (b).)

The petition alleges the Committee exceeded its jurisdiction by commencing an initial review based on materials not specified in section 44242.5, subdivision (b); namely, the news article concerning Villani's lawsuit.  The Commission and Committee acknowledge contacting Villani in response to the news article, but maintain the Committee only commenced the initial review upon receiving the declarations, and thus acquired jurisdiction pursuant to subdivision (b)(2).  (§ 44242.5, subd. (b)(2) [the Committee "has jurisdiction to commence an initial review upon receipt" of "[a]n

12

affidavit or declaration signed by a person or persons with personal knowledge of the acts alleged to constitute misconduct"].) The Commission and Committee observe that nothing in subdivision (b) precludes the Commission from reaching out to potential witnesses and emphasize that they must have the ability to respond proactively to allegations of misconduct in order to protect the safety and wellbeing of schoolchildren. This is where section 44242.5, subdivision (f) comes in.

Subdivision (f) of section 44242.5 provides: "(1) Except as provided in paragraph (2) and, notwithstanding subdivision (b), for purposes of determining whether jurisdiction exists under subdivision (b), the commission, in accordance with Section 44341, may make inquiries and requests for production of information and records only from the Department of Justice, a law enforcement agency, a state or federal court, and a licensing agency of this state or a licensing agency of another state. [¶] (2) For purposes of determining whether jurisdiction exists, paragraph (1) does not apply to release of personnel records."[6]

The trial court interpreted subdivision (f)(1) of section 44242.5 as a limitation on the Commission's ability to seek information and records for the purpose of establishing the Committee's jurisdiction under subdivision (b). Subdivision (f)(1) provides that the Commission "may make inquiries and requests for production of information and records *only* from the Department of Justice" and other enumerated sources. (§ 44242.5, subd. (f)(1), emphasis added.) The trial court reasoned that Villani was not among these

---

[6] Section 44341, discussed in greater detail *post*, provides, in pertinent part: "(a)(1) For the purpose of ascertaining the moral character and true identity of the holder of a credential or an applicant for a credential or the renewal of a credential after jurisdiction to commence an initial review pursuant to subdivision (b) of Section 44242.5 has been established, the commission is authorized to require the production of information, records, reports, and other data from any public agency. For the purposes of determining whether jurisdiction exists, the commission is also authorized to require the limited production of records as set forth in subdivision (f) of Section 44242.5."

sources, and therefore, declarations produced in response to the Commission's inquiries and requests for information to Villani were not sufficient to establish the Committee's jurisdiction under section 44242.5, subdivision (b). The trial court's interpretation was reasonable and consistent with the plain language of the statute. (See *Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1474-1475 ["In cases of statutory interpretation, 'where the language is clear, its plain meaning should be followed. [Citation.]' [Citation.] We will 'give effect to statutes "according to the usual, ordinary import of the language employed in framing them . . ." ' . . . and 'will apply common sense to the language at hand and interpret the statute to make it workable and reasonable' "].)[7]

The Commission and Committee urge another interpretation of section 44242.5. They argue subdivision (f)(1) of section 44242.5 only modifies subdivision (b)(1), and only limits the Commission's ability to seek information and records from public agencies. According to the Commission and Committee, subdivision (f)(1) of section 44242.5 does not apply to subdivision (b)(2), and does not limit the Commission's ability to solicit affidavits or declarations from private citizens like Villani. We disagree.

---

[7] The administrators have requested that we take judicial notice of various documents pertaining to the legislative history of subdivision (f), which was added to section 44242.5 in 2001. (Stats. 2001, ch. 342, § 11.) The request is denied on the ground that the subject documents are not necessary to our resolution of the issues presented on appeal. (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 174 [request for judicial notice of legislative history denied because language of statute was plain and consideration of legislative history was therefore unnecessary].)

The administrators have also requested that we take judicial notice of an order granting the District's motion for a new trial in Villani's civil action in Riverside County Superior Court. The request is denied on the ground that judicial notice of the order is not necessary to our review in this case. (*Guarantee Forklift, Inc. v. Capacity of Texas, Inc.* (2017) 11 Cal.App.5th 1066, 1075 [appellate court "may decline to take judicial notice of matters not relevant to dispositive issues on appeal"].)

14

As previously discussed, section 44242.5, subdivision (b) provides that the Committee "has jurisdiction to commence an initial review *upon receipt*" of any of several categories of records and documents, including affidavits or declarations signed by persons with personal knowledge of acts alleged to constitute misconduct. (Emphasis added.) Subdivision (b) neither permits nor precludes the Commission from seeking or soliciting records or documents on which to base the Committee's jurisdiction. (§ 44242.5, subd. (b).) But subdivision (f)(1) makes clear that the Commission, "in accordance with Section 44341, may make inquiries and requests for production of information and records *only* from the Department of Justice" and other enumerated agencies and official sources. (§ 44242.5, subd. (f)(1), emphasis added.) By using the term of art "notwithstanding," the Legislature expressed an intent to make subdivision (f)(1) of section 44242.5 controlling over any grant of investigative authority that might otherwise be implied in subdivision (b). (*California Taxpayers Action Network v. Taber Construction, Inc.* (2017) 12 Cal.App.5th 115, 130 [" 'It is well established that the phrase "notwithstanding any other provision of law" is a term of art that expresses a legislative intent to have the specific statute control despite the existence of other law that might govern' "].) Subdivision (f)(1) of section 44242.5 thus limits the Commission's ability to seek out information and records that might provide a basis for jurisdiction under any paragraph of subdivision (b), other than the specifically authorized inquiries and requests for production of information and records directed to the enumerated agencies. Had the Legislature intended to limit the application of section 44242.5, subdivision (f)(1) to subdivision (b)(1) in the manner the Commission and Committee propose, it certainly could have done so. That the Legislature instead chose to make section 44242.5, subdivision (f)(1) applicable "notwithstanding subdivision (b), for purposes of determining whether jurisdiction exists under subdivision (b)" indicates that subdivision (f)(1) was intended to modify all paragraphs of subdivision (b), including subdivision (b)(2).

15

The Commission and Committee resist this conclusion. They find support for their alternative interpretation of section 44242.5 in section 44341, subdivision (a)(1) and California Code of Regulations, title 5, section 80308. Neither of these provisions advance their cause, as we explain *post*.

3. *Section 44341*

Section 44341, subdivision (a)(1) addresses the Commission's authority to require the production of information and records before and after jurisdiction has been established. After jurisdiction to commence an initial review has been established, the Commission may, for the purpose of ascertaining the moral character and identity of a credential holder, "require the production of information, records, reports, and other data from any public agency." (§ 44341, subd. (a)(1).) Section 44341, subdivision (a)(1) further provides: "For the purposes of determining whether jurisdiction exists, the commission is also authorized to require the limited production of records as set forth in subdivision (f) of Section 44242.5." Section 44341, subdivision (a)(1) merely reinforces that the Commission can only pursue a limited range of information and records in determining whether jurisdiction exists. Together, section 44341, subdivision (a)(1) and section 44242.5, subdivision (f)(1) establish that the Commission can "only" request or require the production of records from the Department of Justice, a law enforcement agency, a state or federal court, and a licensing agency of this state or a licensing agency of another state. Neither statute authorizes the Commission or Committee to reach out to private citizens, let alone solicit declarations from them.[8]

---

[8] The administrators urge us to go a step further, arguing that the Commission and Committee "should be barred from jurisdictional reliance upon affidavits or declarations obtained from plaintiffs in unresolved civil litigation." The administrators' argument is not properly before us and we decline to consider it.

*4.      California Code of Regulations, Title 5, Section 80308*

The Commission and Committee's reliance on California Code of Regulations, title 5, section 80308 is equally unavailing. "Rules governing the interpretation of statutes also apply to the interpretation of regulations. [Citation.] 'In interpreting regulations, the court seeks to ascertain the intent of the agency issuing the regulation by giving effect to the usual meaning of the language used so as to effectuate the purpose of the law, and by avoiding an interpretation which renders any language mere surplusage.' " (*Diablo Valley College Faculty Senate v. Contra Costa Community College Dist.* (2007) 148 Cal.App.4th 1023, 1037.) We do not construe a regulation in isolation, but instead read it with reference to the scheme of law of which it is a part, so that the whole may be harmonized and retain effectiveness. (*Spanish Speaking Citizens' Foundation, Inc. v. Low* (2000) 85 Cal.App.4th 1179, 1214.)

California Code of Regulations, title 5, section 80308 provides: "(a) If the Committee receives information about an applicant or holder, the Committee may conduct a preliminary review of the information prior to commencing an investigation. At the preliminary review, the Committee may either determine to end the review or instruct staff to set the matter for initial review at a later meeting. [¶] (b) A credential holder's personnel records shall not be obtained without written notification to the holder. [¶] (c) No contact shall be made by any Commission staff members with anyone except the complainant prior to opening the investigation." The Commission and Committee argue California Code of Regulations, title 5, section 80308, subdivision (c) authorized them to "pick up the phone" and contact Villani when they became aware of information indicating the administrators may have committed misconduct. They argue that Villani was a "complainant" in the sense that he filed a complaint against the District in Riverside County Superior Court. They also assert that Villani was a "complainant" within the meaning of California Code of Regulations, title 5, section 80300, subdivision (h). These arguments miss the mark.

17

When a statute provides a specific definition of a term, the term "must be understood as it is defined, not in its colloquial sense." (*People v. Gonzalez, supra,* 2 Cal.5th at p. 871.) Put another way, "[t]he plain and commonsense meaning governs 'unless the statute specifically defines the words to give them a special meaning.' " (*Jackson v. LegalMatch.com* (2019) 42 Cal.App.5th 760, 768.) Here, California Code of Regulations, title 5, section 80300, subdivision (h) specifically defines "Complainant" as the person or persons filing a statement pursuant to section 44242.5, subdivision (b)(2), or an employer filing a notice pursuant to section 44242.5, subdivisions (b)(3) or (4). (Cal. Code Regs., tit. 5, § 80300, subd. (h).) We must therefore decide whether Villani was a "person . . . filing a statement pursuant to [] section 44242.5[, subdivision ](b)(2)." (*Ibid.*) That Villani filed a complaint against the District in Riverside County Superior Court has no bearing on this analysis. (*People v. Gonzalez, supra,* at p. 871.)

The Commission and Committee argue that Villani was a complainant within the meaning of California Code of Regulations, title 5, section 80300, subdivision (h), because he provided declarations under section 44242.5, subdivision (b)(2). (See § 44242.5, subd. (b)(2) [providing that the Committee obtains jurisdiction upon receipt of "[a]n affidavit or declaration signed by a person or persons with personal knowledge of the acts alleged to constitute misconduct"].) But this argument plays fast and loose with the order of events. Although Villani would later provide declarations and become a "person . . . filing a statement pursuant to [] section 44242.5[, subdivision ](b)(2)," nothing in the record suggests he was such a person at the time of the Commission's initial contact with him. (Cal. Code Regs., tit. 5, § 80300, subd. (h).) To the contrary, the declarations specifically state that they were submitted at the Commission's request. It follows that Villani was not a "complainant" within the meaning of California Code of Regulations, title 5, section 80300, subdivision (h) at the time of the initial contact, and the contact was unauthorized.

18

The Commission and Committee argue California Code of Regulations, title 5, section 80308, subdivision (c) retroactively authorizes pre-jurisdictional contact with persons who eventually provide declarations or affidavits, regardless of whether they had been provided at the time of the first contact. According to the Commission and Committee: "It is of no consequence whether a complainant volunteers to provide a declaration under penalty of perjury after initial contact by Commission staff, or whether a complainant figures out – on their own – how and where and when and to whom and in what manner and in what form they should provide that statement." Again, we disagree. California Code of Regulations, title 5, section 80300, subdivision (h) makes clear that a person only acquires the status of "complainant" by filing an affidavit or declaration. A person who has not filed a declaration is not a "complainant." Such a person cannot be contacted by the Commission as part of a preliminary review under California Code of Regulations, title 5, section 80308, subdivision (c). (Cal. Code Regs., tit. 5, § 80308, subd. (c) ["No contact shall be made by any Commission staff members with anyone *except the complainant* prior to opening the investigation," emphasis added].) Therefore, contrary to the Commission and Committee's contention, the regulations make quite consequential, in determining whether the Commission may contact a person under California Code of Regulations, title 5, section 80308, subdivision (c), that the person acquire the status of "complainant" before any contact is made.

Having rejected the Commission and Committee's interpretation of California Code of Regulations, title 5, section 80308, we must also reject their contention that the regulation somehow supports their interpretation of section 44242.5. Here, we note that the Commission articulated an entirely different theory of the interplay between the regulation and statute in a handbook entitled, "California's Laws and Rules Pertaining to the Discipline of Professional Certificated Personnel." (Cal. Com. on Teacher Credentialing, California's Laws and Rules Pertaining to the Discipline of Professional Certificated Personnel (2019) (Handbook).) The Handbook, excerpts of which are

19

attached to the petition, reproduces the text of California Code of Regulations, title 5, section 80308 and adds the following comment: "**NOTE**: Pursuant to court order, the Commission has jurisdiction to conduct an investigation, including requests for information to public agencies, <u>only upon receipt of relevant information as specified within and pursuant to [] section 44242.5</u>. Unless the Commission receives such information as specified in section 44242.5, it may not proceed to investigate, including the undertaking of a preliminary review pursuant to [California Code of Regulations, title 5,] section 80308." (Handbook, pp. 56-57.) The Commission and Committee do not address the Handbook, which clearly contradicts their current interpretations of section 44242.5 and California Code of Regulations, title 5, section 80308. Regardless, their current interpretations are inconsistent with the Commission's previously stated views, and as such, are not entitled to deference. (*Kaanaana v. Barrett Bus. Servs., Inc., supra,* 11 Cal.5th at p. 178 ["A vacillating position warrants no deference"].)

For all the foregoing reasons, we conclude the trial court's interpretation of section 44242.5 was correct, and the Commission was not authorized to reach out to Villani as part of its pre-jurisdictional investigation. Under California Code of Regulations, title 5, section 80308, subdivision (c), the Commission was only authorized to make contact with a "complainant" prior to opening an investigation. Villani was not a complainant. (Cal. Code Regs., tit. 5, § 80300, subd. (h).) Under sections 44242.5, subdivision (f) and 44341, the Commission was only authorized to make inquiries and requests for production of information to enumerated agencies for purposes of determining whether jurisdiction existed under section 44242.5, subdivision (b). Villani was not among the enumerated agencies. The contact was therefore unauthorized.

5.      *Policy and Legislative Purpose Arguments*

The Commission and Committee offer several policy arguments against the trial court's interpretation of section 44242.5. They argue that section 44242.5 must be liberally construed with a view to effecting its objects, which include protecting the

20

safety and wellbeing of schoolchildren. (§ 2 [the provisions of the Education Code "are to be liberally construed, with a view to effect its objects and to promote justice"].) We acknowledge that protecting schoolchildren is among the statute's objects. (See *In re R.G.* (2000) 79 Cal.App.4th 1408, 1416-1417 [§ 44242.5 is one of several statutes in the Education Code reflecting the Legislature's intent to make school safe for students].) However, the Commission and Committee's interpretation would require us to ignore section 44242.5, subdivision (f)'s express provision that the Commission may "only" make inquiries or requests for production of information to enumerated public agencies, "notwithstanding subdivision (b)." This we cannot do. (See *Simpson v. Unemployment Ins. Comp. Appeals Bd.* (1986) 187 Cal.App.3d 342, 351 ["Liberality of interpretation cannot accomplish an end outside the terms of the statute, no matter how desirable such a result might be"]; see also *Mason v. Department of Real Estate* (2002) 102 Cal.App.4th 1349, 1354-1355 [a court may not use the maxim of liberal construction to construe words to have other than their plain meanings].) By its terms, section 44242.5, subdivision (f) modifies all of the paragraphs of section 44242.5, subdivision (b), including subdivision (b)(2). We cannot, "under the guise of liberal construction, enlarge the clear provisions of the statute." (*Simpson v. Unemployment Ins. Comp. Appeals Bd., supra*, at p. 351.) To the extent the Commission and Committee believe the law should be different, their remedy lies with the Legislature.

## III.  DISPOSITION

The judgment granting the peremptory writ of prohibition is affirmed. Respondents Kathy Little, Simone Kovats, and Debra Sather are entitled to recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


/S/

_____
RENNER, J.


We concur:


/S/

_____
ROBIE, Acting P. J.


/S/

_____
DUARTE, J.